THE C. E. SLAUSON COMPANY *vs.* LIBERIO ARENA
ET ALS.

Third Judicial District, Bridgeport, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

When a buyer repudiates the balance of a partially performed contract of sale, the seller is not bound to acquiesce in the renunciation and maintain his action for damages upon that basis only; for he may, if he chooses, tender complete delivery and, upon the buyer's refusal to take the goods, bring suit for the non-acceptance.

An action of this nature does not present the question whether or not the seller was ready, willing and able to perform, since the real issue is whether the performance which he in fact tendered, was in accordance with his contract obligations.

If a contract of sale is single in form and provides for the delivery of a specified quantity of goods in equal weekly instalments, the mere adventitious circumstance that the seller, to prepare himself properly for delivery, purchases the goods in separate lots or at separate times from third parties, does not have the effect of dissecting the contract into corresponding divisions.

If, in such a case, the buyer requests postponement of deliveries from a particular lot which the seller then has on hand, the seller is entitled to assume, at least until reasonable notice from the buyer to the contrary, that the postponement relates to all subsequent deliveries; and if, after this particular lot has been delivered and accepted under the retarded schedule, the buyer repudiates the balance of the contract, the seller may preserve his right to damages by tendering delivery of all the remaining instalments within a reasonable time.

Argued April 16th—decided July 30th, 1925.

ACTION for damages for an alleged breach of contract by the defendants to take and pay for a quantity of flour, brought to the Superior Court in Fairfield County and tried to the court, *Marvin, J.;* judgment for the plaintiff for $1,503, and appeal by the defendants. *No error.*

*George Dimenstein,* with whom was *Justus J. Fennel,* for the appellants (defendants).

*Joseph L. Melvin,* for the appellee (plaintiff).

MALTBIE, J. On September 13th, 1920, the defendants, who are engaged in business in Stamford, purchased of the plaintiff six hundred and sixty barrels of flour, to be delivered at the rate of fifty barrels each week. The plaintiff thereupon purchased the flour of a milling company in Wisconsin, directing the immediate shipment to it at Stamford of one carload of three hundred and thirty barrels. Upon the arrival of this carload, on October 25th, 1920, the plaintiff called upon the defendants to make some definite arrangement for payment for the flour included in it, and the defendants agreed to and did give to the plaintiff six trade acceptances, to fall due a week apart, sufficient in amount substantially to cover the purchase price of the three hundred and thirty barrels. The plaintiff then made two weekly deliveries of fifty barrels each to the defendants and these were accepted by them without objection. When the third weekly delivery was tendered, the defendants informed the plaintiff that they could not take it at that time because business was slow and their warehouses were crowded, and they requested the plaintiff to hold up deliveries of the two hundred and thirty barrels then in its possession and keep them in its warehouse, the

defendants to call for them in quantities to suit their convenience. The plaintiff tendered no further weekly deliveries, but between that time and May 2d, 1921, it requested the defendants to take the flour in its possession, and they did call for some of it on a few occasions and consented that the plaintiff resell some of it for them. The trade acceptances given by the defendants to the plaintiff were paid as they fell due. On May 2d, 1921, the defendants finally took the barrels remaining in the plaintiff's possession. On this occasion, for the first time in the whole transaction, the matter of the delivery of the other three hundred and thirty barrels purchased was discussed, and the representative of the defendants stated that they would not accept or pay for them, and that the plaintiff could do as it pleased about tendering a delivery, but, if it was tendered, it would not be accepted, saying: "Now after seven months I say I am going to refuse; I don't take this flour after seven months." Thereafter the plaintiff directed the milling company to forward the remaining three hundred and thirty barrels of flour to it, and after they had arrived at Stamford, twice offered to deliver them to the defendants, but the defendants refused to accept them. The plaintiff resold the flour and brought this action to recover its damages by reason of the failure of the defendants to accept it.

The defendants ask to have corrected the finding of the trial court that the plaintiff at all times prior to the defendants' refusal to accept delivery was ready, able and willing to carry out its contract obligation. The case as made upon the pleadings, tried and here argued, indicates a failure to appreciate the nature of the several causes of action which may arise under such circumstances as those detailed. The conduct of the defendants' representative at the meeting on May

2d was such as to justify the plaintiff in regarding the contract as repudiated and in suing upon that basis; but that was not the only course open, for the plaintiff still had its option to proceed in an attempted performance of its own contract obligations, tender delivery, and, upon its being refused, sue for the nonacceptance of the goods. *Belisle* v. *Berkshire Ice Co.,* 98 Conn. 689, 697, 120 Atl. 599. Here the plaintiff clearly took the latter position, for it proceeded, after the defendants' renunciation of its obligations, to cause the remaining three hundred and thirty barrels of flour to be forwarded to it, tendered delivery to the defendants, and upon their refusal caused the flour to be resold to others. To a cause of action arising in this way it is immaterial whether or not the plaintiff was ready, able and willing to perform its obligations under the contract, for the question is, did it perform or offer to perform in accordance with those obligations. *Home Pattern Co.* v. *Mertz Co.,* 86 Conn. 494, 501, 86 Atl. 19. There is no occasion then to consider the motion to correct addressed to the finding.

Substantially the position of the defendants is this, that the contract of purchase called for a delivery of the flour in weekly instalments of fifty barrels each, that there was an entire failure to comply with this condition as regards the barrels which they refused to accept, and that the facts in no way justify the plaintiff in failing to tender delivery in accordance with it. The vice of their argument lies largely in regarding the adventitious separation by the plaintiff of its own purchase from the milling company into two shipments as constituting a similar separation of the contract obligation of the plaintiff to them, so that, despite a request for delay as regards the weekly deliveries from the three hundred and thirty barrels first received, such deliveries should have proceeded as re-

gards the other three hundred and thirty barrels. The defendants made one purchase of six hundred and sixty barrels, all to be delivered at the rate of fifty barrels a week, and had those deliveries proceeded until the first shipment had been delivered, the plaintiff would have been under no obligation to begin deliveries from any subsequent one. The request of the defendants that the plaintiff hold up deliveries and keep the flour on hand in its warehouse subject to defendants' call could not reasonably have been interpreted by the plaintiff as being anything other than the expression of a desire on their part that all further weekly deliveries were to be held up, and that the contract be modified by substituting for the stipulation for such deliveries, at least for the time being, an agreement that deliveries be made at the call of the defendants; indeed, it would be little short of ridiculous to say that because specific reference was made in the conversation to the flour then in the hands of the plaintiff and nothing was said about the remainder of the order, the plaintiff ought reasonably to have understood that only the former was within the scope of the defendants' desire. To the desired change in the contract obligations the plaintiff by its acts signified its assent.

The case so made for the plaintiff is even stronger than was that of the defendant in *Remington Arms U. M. C. Co., Inc.* v. *Gaynor Mfg. Co.*, 98 Conn. 721, 120 Atl. 572, for there the plaintiff merely acquiesced in delays in the making of deliveries, whereas here the defendants have themselves sought to have put aside, at least for a time, the stipulation of the contract as to deliveries. Whether the terms of their request were such that this provision of the contract was suspended rather than abrogated and might have been brought again into effect upon the defendants giving the plain-

tiff reasonable notice of their desire that this be done, we do not attempt to decide. But when, on May 2d, they finally took the balance of the flour composing the first shipment, instead of giving such notice, they attempted to repudiate the entire contract so far as it was unexecuted. The result was not necessarily to resuscitate the provision for weekly deliveries in the contract, if the plaintiff desired to proceed with it, but to give the plaintiff an option to tender delivery of all the remaining flour within a reasonable time. *Grippo* v. *Davis,* 92 Conn. 693, 697, 104 Atl. 165; *Remington Arms U. M. C. Co., Inc.* v. *Gaynor Mfg. Co.,* 98 Conn. 721, 733, 120 Atl. 572. While it is true that there is no specific finding that the tenders of deliveries made by the plaintiff after May 2d were within a reasonable time, the trial court does conclude that delivery was tendered at as early a date as was legally required on the part of the plaintiff. No doubt the absence of a specific finding upon the matter is due to the fact that no such issue was raised at the trial, and as it is likewise not presented upon the appeal record, the trial court's general conclusion is sufficient to sustain the judgment.

There is no error.

In this opinion the other judges concurred.