## Levi Scutt's Appeal from Probate.

*O*, in 1855, agreed with *S*, the husband of his daughter, that if *S* would convey his homestead to him he would convey it to his daughter and build a new house on it worth $1,000. *S* conveyed the land to *O* and *O* conveyed it to his daughter, but did not build the house. In 1858 *O* and *S* agreed that in the place of building the house *O* should transfer to his daughter $1,000 in bank stock. This however was never done, though the promise was frequently renewed. In 1869 the daughter died, and *O* in 1871. *S* presented a claim against *O's* estate in his own name for the $1,000 and interest, which was disallowed by the commissioners, and he appealed to the Superior Court, which likewise rejected the claim. Held, in reversing the judgment of the latter court—1. That the agreement of *O* to transfer the bank stock was a mere accord, which not having been performed, left the original agreement unaffected. 2. That the claim upon the original agreement was a valid one. 3. That it was properly presented by *S* in his own name, as he had a beneficial interest, by reason of his life estate in the land, and in the house if it had been built. 4. That the appeal was properly taken in his own name. 5. That when the money was received by *S* the principal would be held by him as trustee for his own benefit and that of the children left by his wife, and the arrearage of interest would belong to him personally.

APPEAL from the doings of commissioners on the estate of Joseph Olmstead, deceased, in disallowing a claim presented by the appellant against the estate; taken to the Superior Court in Fairfield County. In the latter court facts found and judgment rendered for the appellees (*Sanford, J.,*) and

motion in error by the appellant. The case is sufficiently stated in the opinion.

*W. Cothren* and *J. Huntington*, for the plaintiff in error.

*D. Torrance*, with whom were *W. B. Wooster* and *G. Stoddard*, for the defendants in error.

PARK, C. J. An agreement was entered into between the late Joseph Olmstead and the appellant in the year 1855, by which Olmstead promised that if the appellant would convey his homestead to him, he would immediately convey it to the appellant's wife, who was his daughter, and would build a house thereon worth a thousand dollars. The appellant, on the same day, fully performed his part of the agreement, but Olmstead never performed his, further than to convey the premises to his daughter. Subsequently a controversy arose between the parties respecting the non-fulfillment of the contract by Olmstead, and a substitute agreement was entered into in the year 1858, in which Olmstead agreed to convey to his daughter bank stock to the amount of a thousand dollars, in lieu of building the house stipulated for in the first agreement. This was never done. If the agreement had been performed, it would have operated as an accord and satisfaction of the original contract. But inasmuch as nothing whatever was done under it, and the accord was simply a naked agreement to substitute one undertaking on the part of Olmstead for another, it should be laid out of the case, as furnishing no rule by which to determine the rights of the parties. Those rights must be adjudged by the original contract, coupled with the subsequent recognition of liability from time to time by Olmstead, down to the period of his death in 1871. That contract was made by the appellant for his own benefit, as well as for the benefit of his wife. If it had been performed, he would have had a life estate in the property, as nothing appears in the case going to show that it was to be the separate estate of the wife.

The appellant has hitherto been deprived of the benefits

which would have resulted to him from the performance of the contract, and we can not see why it is not just and equitable that the estate of the decedent should pay in money the value of the building stipulated to be erected upon the property.

We see no objection to an allowance of the claim in the fact that the appellant presented it to the commissioners in his own name. The claim itself as presented states the transaction out of which the demand arose, and shows upon its face what interest the appellant has in it. It was in effect a presentation of the claim for himself, and all other parties in interest. The profits and income of the money when recovered will belong to him, as the rents and profits from the building would have been his if it had been erected. And should the claim be recovered, he will hold the principal as trustee for himself and for his children, and will be entitled on his own account to the arrearages of interest.

Neither do we see any ground for complaint, that the appellant entered an appeal in his own name, and is now prosecuting the same. Surely, if he had an interest in the recovery of the claim, he had the right to appeal from the decision of the commissioners rejecting it, whether other parties interested saw fit to do so or not. The statute gives the right of appeal to any party aggrieved from the doings of the commissioners.

We think there is manifest error in the judgment complained of, and it is therefore reversed.

In this opinion the other judges concurred.