EMILY A. FRANCIS AND ANOTHER *vs.* HENRY A. DEMING AND ANOTHER.

Hartford Dist., March T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and THAYER, Js.

The plaintiffs, who held a judgment and judgment lien against the defendants, agreed that if they would pay a certain sum materially less than the judgment and do certain other things by a certain day, they would discharge the judgment. One of the defendants within the time called three times at the office of the plaintiffs' attorney ready to pay the money, but he was not in, and he learned that he was ill at his house. He did not however go to his house to find him and did not attempt to find the plaintiffs, who lived in an adjoining town. After the time had passed and a suit had been brought for the foreclosure of the judgment lien, he tendered the money to the plaintiffs' attorney, who refused to receive it. Held—

1. That the defendants not having agreed to pay the sum, but the plaintiffs only agreeing to accept it if paid in time, it was not a case of accord, but of a condition precedent to the right of the defendants to the discharge.

2. That in the absence of any agreement as to the place where the money was to be paid, it was to be paid to the plaintiffs at the place where they were, or to their authorized agent.

3. That calling at the office of the plaintiffs' attorney prepared to pay did not meet the requirements of the law.

4. That it was not a case for equitable relief.

[Argued March 14th—decided May 5th, 1890.]

SUIT to foreclose a judgment lien, brought to the Superior Court in Hartford County. The defendants set up a special defense, to which the plaintiffs demurred. The court (*Fenn, J.,*) sustained the demurrer, found the allegations of the complaint to be true, and granted a decree of foreclosure. The defendants appealed. The case is fully stated in the opinion.

*G. G. Sill*, for the appellants.

. The sole defense is, that Deming did not actually pay to the plaintiffs' attorney the $135 on or before the 10th of July, 1889, and deliver to him the release of his two sons. It is very clear that his failure so to do was no fault of his, but it simply arose from his inability to pay it because of the absence of the attorney from his office. Even in a case at law the party is excused from making a technical tender whenever the making of the tender is waived or prevented by any action of the person to whom the tender is to be made. 2 Parsons on Contracts, 643, and cases cited; *Sands v. Lyon*, 18 Conn., 18, 25; *Ashburn v. Poulter*, 35 id., 553, 556. But this is a proceeding in equity, and the rules of equity concerning the actual necessity of tender are not so stringent as those of law. 3 Pomeroy's Eq. Jur., § 1407, and cases cited; *Hunter v. Daniel*, 4 Hare, 420, 433; *Crary v. Smith*, 2 N. York, 60, 65; *Avery v. Kellogg*, 11 Conn., 561, 572. It is sufficient if it appears that the defendant was ready and willing to make the tender within the time limited, and is still ready and willing to make it. In 3 Pomeroy's Eq. Jur., § 1408, note 1, it is said that "a delay in payment at the day appointed, unless intentional and willful, or unreasonably long, will not preclude the vendor from enforcing the contract."

*C. J. Cole*, for the appellees.

THAYER, J.   To the plaintiffs' complaint, claiming the
foreclosure of a judgment lien, the defendants filed a special
answer alleging in substance that the plaintiffs, after the
judgment was rendered and after the judgment lien was
filed, agreed to discharge the same if the defendants should
within one month from June 10th, 1889, pay the plaintiffs a
sum materially less than the amount of the judgment, give
them a release of damages for the attachment made in the
writ, and make return to the probate court that the defend-
ant, Henry A. Deming, had given notice of the settlement
of his administration account with the estate of one Emily
Francis, deceased; and that said notice was given, said re-
lease signed, and on the 8th, 9th and 10th days of July,
1889, said Henry A. Deming went to the office of the plaint-
iffs' attorney prepared to pay the money and deliver the
release, but did not find the attorney, who was sick at home
as the defendant then learned, and that afterwards and after
the present suit was brought the money was actually ten-
dered to the plaintiffs' attorney, who refused to receive it.
To this answer the plaintiffs demurred.   The court sustained
the demurrer and from that decision this appeal was taken.

It is not alleged or claimed that the defendants agreed to
obtain the release, make the return and pay the money
within one month from June 10th, and that this agreement
was accepted by the plaintiffs in discharge of the judgment.
It was not an accord with mutual promises, therefore, but a
mere promise by the plaintiffs to discharge the judgment if
these things were done.   Their performance was thus a con-
dition precedent to the defendants' right to a discharge.
*Goodrich et al.* v. *Stanley*, 24 Conn., 613.   The agreement, if
the condition is fully performed, constitutes an accord and
satisfaction of the judgment and is a bar to the action.   Un-
performed it is a mere accord and does not bar the action.
*Williams* v. *Stanton*, 1 Root, 426 ; *Scutt's Appeal from Pro-
bate*, 43 Conn., 109.   This is admitted by the defendants,
but it is claimed that, in law, what has been done by them
constitutes performance.   When money is to be paid by
one party to another and the contract fixes no place for the

payment, the rule is that the payment must be to the person at the place where he is, if he be within the same dominion. 1 Swift's Dig., 292; 2 Parsons on Cont., 636. PARKE, B., in *Startup* v. *MacDonald*, 6 Man. & G., 624, says—" In such a case the party bound must find the other at his peril and within the time limited if he be within the four seas." Here no place was fixed for the payment. It was the defendants' duty, therefore, to seek the plaintiffs or their duly authorized agent or attorney, and make tender to them within the time limited. This they did not do. Calling at the office of the attorney prepared to pay does not meet the requirements of the law. Deming there learned that the attorney was at his house. He made no tender of the money and release at the office to the person in charge. He did not seek the attorney at his house and tender them to him. Nor did he seek the plaintiffs, who reside in an adjoining town, and tender performance to them. The allegations of the answer show no excuse for his failure to do so. No waiver of performance within the time limited is claimed. As the tender after the action was begun was of the money only, and did not include either interest or the costs which had accrued, it was not a legal tender and would not entitle the defendants to a discharge.

But the defendants urge that this is a proceeding in equity, and that the rules of equity are not so stringent as those of law concerning the necessity of a tender within the time limited, and that, as the answer shows that they were on July 10th, and still are, ready and willing to perform, the demurrer should have been overruled. When a condition is subsequent and is broken equity will generally relieve the party in default if he shows sufficient excuse for nonperformance within the time specified. In the present case the defendants had no right to a discharge of the judgment except upon the performance of the condition within the time. The performance of the condition was the consideration for the plaintiffs' promise to discharge the judgment. In such a case, where the rights of the party in default are dependent upon a condition precedent which is neither ful-

filled nor waived, as no right or title vests, equity can afford no relief. *Davis* v. *Gray*, 16 Wall., 203; *Giddings* v. *Ins. Co.*, 102 U. S. R., 111; *Wells* v. *Smith*, 2 Edw. Ch., 78; *S. C.*, 7 Paige, 21; *Seton* v. *Slade*, 2 White & Tudor's Leading Cases in Eq., (H. & W. Am. ed.,) 1143.

This case presents no equities in the defendants' favor. The plaintiffs agreed, if the defendants performed within one month, to accept nearly $300 less than was due them upon their judgment. The return of the probate notice the defendant Deming was legally bound to make. The release he has never tendered. Under these circumstances, showing no excuse for non-performance, neither law nor equity can afford him assistance.

There was no error in the judgment appealed from.

In this opinion the other judges concurred.