WILLIAM M. PREST vs. OTTO B. COLE.

Suffolk.    December 10, 1902. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Contract*, Performance and breach.    *Tender.    Accord and Satisfaction.*

An agreement in writing, that if the defendant has not made a tender of a certain
sum of money on or before a certain day, he shall at that time be obliged to
accept certain shares of stock at an agreed price named, does not require the
plaintiff to make a tender of the stock, in order to recover for a failure of the
defendant to take and pay for it as agreed, and if the plaintiff has alleged such
a tender, it is surplusage and he need not prove it.

The defendant had agreed to pay the plaintiff a certain sum of money for certain
shares of stock on a certain day, and having failed to do so was sued by the
plaintiff.    Thereafter the parties made an agreement under seal whereby the
plaintiff agreed to release the defendant on payment by him of a smaller sum
of money on receipt of the same stock.    The defendant went twice to the plain-
tiff's office when the plaintiff was absent, for the purpose of paying the smaller
sum of money and receiving the stock, and informed the person in charge that
he came for that purpose.    Going again to the plaintiff's office, he found the
plaintiff and told him that he was ready to pay the smaller sum of money, and
was told by the plaintiff that he was not ready to deliver the stock, but would
advise him when ready.    *Held*, that the agreement under seal was at most an
executory agreement for an accord and satisfaction, and never was executed,
and that there was no tender by the defendant of the smaller sum of money,
even if a sufficient tender would have operated as satisfaction; therefore that
there was no defence to the plaintiff's action.

MORTON, J.    This is an action of contract to recover of the
defendant the sum of $4,500, which the defendant had agreed to
pay the plaintiff for certain stock.    The defendant admitted
that the plaintiff was entitled to recover unless he was bound to
tender the stock before bringing the action, and unless certain
matters set up in the supplementary answers constituted a de-
fence.    The judge ruled that the plaintiff was not obliged to
make a tender, and that the matters set up in the supplementary
answers would not constitute a defence and ordered a verdict
for the plaintiff.    The defendant excepted and the judge at the
request of the parties reported the case.    If his rulings or either
of them are wrong, then there is to be a new trial; otherwise
judgment is to be entered on the verdict.

1. We think that the rulings were right. There was nothing in the contract as modified by the agreement of June 10, 1893, which required the plaintiff to make a tender of the stock. The provision was that "if he [the defendant] has not made tender of said $4,500 on or before said-1 January, 1894, said Cole shall at that time be obliged to accept said stock at the agreed price of $4,500." The most that can be said is that the delivery of the stock was to be concurrent with the payment of the $4,500. If the original agreement of June 18, 1891, should be construed as requiring anything more, it was modified as already observed by the agreement of June 10, 1893. The allegation of tender in the declaration was unnecessary and surplusage, and the judge rightly refused to rule as requested by the defendant that it was obligatory on the plaintiff to make a tender and to prove it as alleged.

2. After the action was brought the plaintiff and defendant entered into an agreement under seal dated March 5, 1901, that if the defendant would pay the plaintiff $3,500 on or before June 1, 1901, the plaintiff would release the defendant from all claims in said action and that if the plaintiff was then the owner of certain shares of stock he should transfer them to the defendant and if he was not the owner but had previously sold the same then the defendant should pay the plaintiff $2,250 instead of $3,500. The defendant offered to show that on Friday, May 31, 1901, he went during business hours to the plaintiff's office in Boston fully prepared to settle the agreement by performance of the terms and conditions to be performed by him, but was told by the person in charge that the plaintiff was out of the city and would not return till the following Monday; that on the following day Saturday, June 1, he again went to the office ready and prepared to pay the $3,500 and receive the stock agreed upon or if the plaintiff was not then the owner of the stock to pay $2,250, and was again told by the person in charge that the plaintiff was out of the city and would not return till Monday, and thereupon he stated his business to such person and was told that he would have to see the plaintiff; that on the following Monday he went to the plaintiff's office and met the plaintiff and told him he had called twice before and was ready to pay the $3,500 or $2,250 in settlement as the case might be, and was told by the plaintiff

that he was not ready to deliver the stock but would advise the defendant when ready; and that he had always been ready and willing to settle said action as agreed but the plaintiff had refused to do so. He also offered to show that in October, 1901, he tendered the plaintiff the sum of $3,500 with interest and costs in case the plaintiff was ready to deliver to him the shares agreed upon and also the sum of $2,250 in case the plaintiff was not ready to deliver said shares and the plaintiff refused to accept either of said tenders.

The most that can be said of this agreement is that it was an executory agreement under seal for an accord and satisfaction of the pending suit. Assuming that the seal imported a consideration the agreement was ineffectual as an accord and satisfaction until executed, which it never was. *Herrmann* v. *Orcutt*, 152 Mass. 405. *New York, New Haven, & Hartford Railroad* v. *Martin*, 158 Mass. 313, 315. *Anglo-American Land, Mortgage & Agency Co.* v. *Dyer*, 181 Mass. 593.

The essence of an accord and satisfaction is that it should be executed as agreed. It is of course competent for the parties as in the case of any other contract to vary it by subsequent agreement or either party to it may waive stipulations in his favor. The defendant does not contend that he has satisfied the accord, as agreed. But he contends that what he did was a tender of satisfaction and is to have the same effect as if satisfaction had actually taken place. A tender of satisfaction is not the same as satisfaction. *Clifton* v. *Litchfield*, 106 Mass. 34. But we do not think that what took place amounted to a tender. No place was named for the payment, and it was the duty of the defendant to ascertain where payment was to be made or to seek the plaintiff and make it to him. *Dockham* v. *Smith*, 113 Mass. 320. *Hale* v. *Patton*, 60 N. Y. 233. 22 Eng. & Am. Encyc. of Law (2d ed.) 533. What was said and done by the defendant at the plaintiff's office in the absence of the latter and of anything to show that the payment was to be made there did not constitute a tender, and, if that is material, there is nothing to show that the plaintiff was out of the Commonwealth. There was nothing in what took place between the plaintiff and defendant when the defendant went to the plaintiff's office on Monday and met him that constituted a waiver on the plaintiff's part of payment on or

before June 1. In order to constitute an effectual waiver there must be an element of estoppel or a valid consideration in what is relied on. There was nothing of the sort here. It is not contended, as we understand, that the tender in October was good if there was no extension or waiver of the time of payment. It follows that the exceptions must be overruled.

*So ordered.*

*H. N. Shepard,* for the defendant.
*F. T. Hammond,* ( *W. M. Prest* with him,) for the plaintiff.