## GAETANO GRIPPO *vs.* SUSAN L. DAVIS.

Third Judicial District, New Haven, June Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Payment of instalments of the price of land under a written agreement for its purchase and sale in that way, creates an equitable interest in the vendee or his assignee.

A provision in the contract requiring weekly payments is one which may be, and is, waived by the vendor by accepting without objection payments made in varying amounts and at irregular times, generally monthly, continued for a period of several years.

As a general rule a waiver, which is the intentional relinquishment of a known right, must be found as a fact; but where the intent, though not expressly found, is the necessary inference or conclusion from the specific facts detailed in the record, the intent may be inferred as a matter of law.

The waiver of a contract provision respecting the time within which instalments of the purchase price of land must be paid, does not preclude the vendor from subsequently insisting upon the renewal or enforcement of this provision as to future payments; but before this is done notice thereof must in fairness be given to the purchaser, with a reasonable opportunity to comply upon his part. A mere refusal to accept a payment tendered at the customary time, coupled with notice that the vendor rescinded the contract, is wholly nugatory. Under such circumstances the vendee is excused from tendering the weekly payments called for by the contract, since the vendor's conduct has made it clear that such a tender would be a useless act.

In such a situation the vendee may either wait a reasonable time for the vendor to withdraw his rescission, or insist at once upon the contract provisions and make the payments accordingly, or he may, as in the present case, tender in full the balance of the purchase price.

The admission of an averment that the plaintiff tendered the "entire balance of the purchase price" to the defendant, precludes the latter from claiming that the tender was inadequate for failing to include interest.

Argued June 4th—decided July 23d, 1918.

ACTION to secure a conveyance of land from the defendant, under a contract made with her, or for dam-

ages, brought to and tried by the Superior Court in New Haven County, *Case, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and judgment reversed.*

The plaintiff succeeded to all rights which his father secured by virtue of an agreement with the defendant on June 26th, 1906, for the purchase of certain lots of land, and by another agreement with the defendant on May 15th, 1907, for the purchase of other lots. Each of these agreements contained substantially identical terms, except as to the purchase price and as to the terms of payment. Each provided for the payment of the purchase price by weekly payments, and for execution of a warranty deed to the buyer when the purchase price was paid in full. The agreement of June 26th provided that "if the weekly payments shall be more than four weeks delinquent, . . . the seller may at his option either declare the entire balance of the purchase price due and collectible, or he may rescind this contract to sell and convey said lots and take possession thereof at his option."

The agreement of May 15th had a similar provision, except that the period of delinquency was two weeks instead of four.

The father made payments during his lifetime at irregular intervals and in varying amounts and not in accordance with these agreements, and these were accepted and receipted for by the defendant. After the transfer to the plaintiff, payments were made by him and accepted by the defendant, not in accordance with the agreements, but as a rule once a month in sums of $10 each.

The plaintiff made a payment as usual of $10 in January, 1916, and on February 1st, 1916, tendered the defendant $10, which she declined to receive, and at this time orally notified him that she rescinded the

contract and offered to return the gross amount, $732, paid to her by the plaintiff and his father, with an additional sum of $100, but the plaintiff declined this offer. On February 1st, 1916, there was due on these contracts $693, and both contracts were long in default of their final payment under their terms. On April 8th, 1916, the plaintiff tendered payment to the defendant of $693, which was all that was due the defendant under these contracts. The defendant declined the tender and refused to give the plaintiff a deed of the premises. After this tender the defendant in writing gave the plaintiff notice of her intention to rescind the contracts.

*Arthur B. O'Keefe,* for the appellant (plaintiff).

*Charles Cohen,* with whom was *Barnett Berman,* for the appellee (defendant).

WHEELER, J. The principal grounds of error assigned in the appeal are the overruling of the plaintiff's claims of law: (1) that the defendant had waived the provisions of the agreements as to payments; (2) that the acceptance of the payments other than as provided in the agreements amounted to a substitution payment for the payments of the original agreements; (3) that the defendant did not have the right to rescind the agreements; and (4) that the plaintiff was entitled to a decree for specific performance.

The agreements to purchase the defendant's lots, followed by payments upon the purchase price, gave the plaintiff's father an equitable interest in these lots to which the plaintiff succeeded. *Miller Co.* v. *Grussi,* 90 Conn. 555, 557, 98 Atl. 90. The plaintiff, ever since acquiring this interest, and his father, for a long period, failed to make the weekly payments as provided in the agreements. The provision for weekly payments was one which the defendant might waive. This she might

do by express declaration, or by a course of conduct equivalent to such a declaration. The receipt of payments by the defendant on account of the purchase price, in varying amounts and at irregular times through a long period, continued during the period of interest of the plaintiff until the refusal to accept the payment tendered on February 1st, 1916, constituted a waiver of the provision for weekly payments during this time. As a general rule, a waiver must be found as a fact, since the intentional relinquishment of a known right is the foundation of a waiver, and this intent, to be found, must be proved. But when the intent, though not expressly found, is yet the necessary inference from the facts found, as in this case, the intent may be inferred as matter of law. *First National Bank* v. *Hartford Life & Annuity Ins. Co.*, 45 Conn. 22, 44.

While we are of the opinion that these payments constituted a waiver of the provision for weekly payments so long as they continued, we do not think they abrogated this provision of the agreements and substituted the practice of payments for those provided. The defendant was at liberty at any time to insist upon the resumption of this provision. Before she could do this she must in fairness give the plaintiff notice of her intention so to insist, and a reasonable opportunity to comply. 2 Black on Rescission & Cancellation, pp. 1395, 1396.

Having received for so long a time payments of substantially $10 a month, she was not at liberty to decline to receive the payment tendered on February 1st, without prior notice of such intent. She had the right at this time to give notice of her intent to thereafter insist upon the weekly payments. This she did not do. On the contrary, she refused the payment tendered and orally gave notice that she rescinded the contract.

Since the defendant had waived the weekly payments by accepting, substantially, monthly payments, and had accepted a payment made in January, 1916, and given no notice of her intention to resume the provision for weekly payments, the plaintiff was not in default on February 1st, when the last tender of payment was refused. Much less was the plaintiff in default for four or two weeks, conditions precedent by the terms of the agreements to her right to rescind.

The defendant's attempt to rescind was wholly nugatory. Neither then, nor at any time in the future, did the defendant notify the plaintiff of her purpose to require the weekly payments. Her refusal to accept the usual payment and her abortive attempt to rescind the contract, relieved the plaintiff from the necessity of subsequently tendering the weekly payments. The plaintiff was not compelled to make this tender, since the defendant's conduct made it clear that this would be a useless act.

In this situation three courses of action were open to the plaintiff. He might wait a reasonable time for the defendant to withdraw her rescission, or insist upon his right to carry out the agreements according to their terms by making the weekly payments therein provided, or he might tender in full the amounts due under the agreements. He chose the latter course and made tender of $693, which sum, the complaint alleged, was the entire balance of the purchase price agreed upon, and the answer admitted this. Having done this he had done all that he could do.

The defendant has an erroneous view of the situation. The plaintiff was not in default on February 1st nor at any time since. By her attempted rescission, the defendant had signified her understanding that the agreements were at an end, and her purpose to act upon that understanding, and this relieved the plaintiff

from making tender of the weekly payments. Assuming that the plaintiff had the right to make a tender of the amount due, the defendant insists that the tender was inadequate because it failed to include interest upon the overdue payments. Whether interest shall be added to a principal sum depends upon the circumstances. These may negative such a claim. The admissions of the pleadings in this case recite that the tender was of the entire balance of the purchase price agreed upon. It could not have been this if in addition to this balance a substantial sum by way of interest ought to be added. In view of this admission we think the question of the addition of interest to the weekly payments due did not arise, and that the tender must be held to be adequate. The time of performance was waived by the acceptance of the payments.

There is error, the judgment is reversed with direction to the Superior Court to enter judgment in accordance with prayer for relief, upon payment to defendant of $693.

In this opinion the other judges concurred.