MARVIN WOOLEY ET AL. *vs.* C. W. WILLIAMS.

First Judicial District, Hartford, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND WOLFE, Js.

Section 5606 of the General Statutes, which provides for the transfer to the proper tribunal of any cause "brought to the wrong court," either before or after a plea in abatement is filed and upon the payment of such costs as would have been taxable had a plea in abatement been sustained, must be construed, in view of its broad remedial purpose, to include the "court" which a justice of the peace holds for the disposition of judicial matters brought before him.

In the present case, a justice of the peace before whom an action of replevin was improperly brought because the matter in demand exceeded his statutory jurisdiction, granted the plaintiffs' motion, made sixteen days after the return day, to transfer the cause to the City Court of Meriden "upon condition, however, that the plaintiffs shall pay costs of $1, conditioned upon the final outcome of this action." *Held* that there could be no objection to the date of the order of removal, since it might be made at any time after the return day to which the justice had adjourned his court; and that while the provision as to costs violated the terms of the statute, it was not such a defect as to defeat the jurisdiction of the City Court.

A plea in abatement which contains no prayer for judgment is demurrable for that omission.

The fact that a writ of replevin is returnable to the wrong court does not affect the authority of the officer to take possession of the property described in the complaint, where, as in the present case, there is jurisdiction to transfer the case to the proper court.

By filing a new answer to an amended complaint, a defendant waives his right to claim error in the ruling of the trial court expunging certain paragraphs from his original answer to the original complaint.

Because the officer who served the writ of replevin in the present case, having gained entrance to the defendant's house by securing a key from the landlady, took therefrom not only a grafanola which had been sold by the plaintiffs to the defendant under a conditional bill of sale and which was the only property described in the complaint, but also, at the direction of plaintiffs' agent who accompanied him, certain records, the defendant claimed that he thereby became a trespasser *ab initio.* *Held* that it was unnecessary to pass upon this claim, since even if the officer was not authorized by his writ to take the records, he was justified in so doing under the provision of the conditional bill of sale which empowered the plaintiffs or their agents, upon the non-payment of any instalment of the purchase price by the defendant, to enter his house and remove the grafanola and certain other articles, presumably the records, which were the subject of the sale.

A provision in a contract of sale requiring weekly payments is waived by the vendor if he repeatedly accepts without objection payments made in varying amounts and at irregular times, and he cannot thereafter insist upon a compliance with the provision until he gives notice to the vendee of his intention so to do; but even where such a waiver exists, a promise by the vendee, upon demand by the vendor, to make a payment upon a specified day is sufficient to fix that day as the time when a payment is reasonably due, and his failure to make it puts him in default.

When, under the terms of a conditional sale, the vendor is entitled to immediate possession of the goods, he may replevy them without previous demand upon the vendee.

Argued January 21st—decided March 5th, 1927.

.ACTION of replevin to recover possession of a grafanola, brought to the City Court of Meriden, where the plaintiffs' demurrer to the defendant's plea in abatement was sustained, the plaintiffs' motion to expunge certain paragraphs of the answer was granted,

and the issues later tried to the court, *Dunne, J.;* judgment for the plaintiffs, and appeal by the defendant. *No error.*

*Lewis J. Somers,* for the appellant (defendant).

*Harry R. Cooper,* for the appellees (plaintiffs).

MALTBIE, J. This action of replevin was originally made returnable to a justice of the peace. The complaint sought the recovery of a grafanola alleged to be of the value of $210, and also $400 damages. The amount involved was such that a justice court could not adjudicate the issues; General Statutes, § 5555; and, previous to a Public Act passed in 1917, the defect would have been fatal to the action. *Fowler* v. *Bishop,* 32 Conn. 199, 206. In that year an Act was passed which provides that any civil action brought to the wrong court may, upon motion, be removed to a court having jurisdiction, either before or after the filing of a plea in abatement; it establishes the procedure by which such a removal is accomplished, including a requirement of notice to the adversary party served as is civil process; and it states that, upon the removal, all attachments and rights growing out of the filing of a *lis pendens* shall be preserved as of their original dates. General Statutes, § 5606. The word "court" as used in the statute is broad enough to include the court which a justice of the peace holds for the disposal of judicial matters brought before him; *Fox* v. *Hoyt,* 12 Conn. 491, 497; *Alcorn* v. *Fellows,* 102 Conn. 22, 30, 127 Atl. 911; and the broad remedial purpose of the statute requires that it should be so construed. The effect of the statute in the instant case was to extend the jurisdiction of the justice to whom the writ was made returnable so that he might take cognizance

of the action so far as to order its removal to the proper court; and, such removal being accomplished, the action would then be valid from its inception.

The writ was returnable to the justice of the peace on February 9th, 1926, and the record shows that on February 25th, 1926, the plaintiffs made a motion for its removal to the City Court of the City of Meriden, and that on the same day the justice granted the motion. The statute does not require that the removal be ordered upon the return of the writ, and it may be made upon a later day, to which the justice has adjourned his court. The order provided that the action be removed to the City Court "upon condition, however, that the plaintiffs shall pay costs of $1, conditioned upon the final outcome of this action." The statute provides that the order of removal shall be conditioned upon the payment of such costs as would have been taxable, had a plea in abatement been sustained. The meaning of this provision is that the court, in granting a motion for removal, is to direct that the action be removed, provided the plaintiff making the motion shall, within some reasonable time fixed by it, pay to the defendant an amount equivalent to the costs which would have been taxed to him had a plea in abatement filed by him been sustained. The provision as to costs in the order in this case was not in compliance with the statute, but the defect was not one which would of itself destroy the jurisdiction of the City Court to take cognizance of the action. *Ives* v. *Finch*, 22 Conn. 101, 106; *Orcutt's Appeal*, 61 Conn. 378, 383, 24 Atl. 276; *Douglass* v. *Unmack*, 77 Conn. 181, 183, 58 Atl. 710.

Upon the entry of the action in the City Court, the defendant appeared personally and filed a plea in abatement and to the jurisdiction, setting forth the defect in the order just noticed and many other claimed

defects in the procedure before the justice. The plaintiffs demurred to the plea upon several grounds, one being that it did not pray judgment. The action of the trial court in sustaining the demurrer is fully justified upon this ground, however it might be as to the others alleged. *Coughlin* v. *McElroy,* 72 Conn. 444, 448, 44 Atl. 743. The plea out of the way, the City Court had before it a copy of the writ and complaint and of the order of removal, which were sufficient on their face to give to it jurisdiction of the action. It was entitled to assume that the justice had proceeded properly in all respects, including the continuance of the action before him by adjournment to February 25th, 1926, when the order of removal was made. *Fort Orange Barbering Co.* v. *New Haven Hotel Co.,* 92 Conn. 144, 149, 101 Atl. 505. The justice of the peace having jurisdiction to take cognizance of the action under the statute and to cause its removal to a proper court, the writ issued to the officer was not void, but gave him authority to take possession of the grafanola described in the complaint.

In the City Court the defendant filed an answer, in certain paragraphs of which he set up the conduct of the officer serving the writ as making void the proceeding. The plaintiffs moved to expunge these paragraphs and the court granted the motion. Thereafter the plaintiffs filed an amended complaint and the defendant filed a new answer. Under such circumstances he cannot now claim error in the court's ruling upon the motion. *Allen* v. *Chase,* 81 Conn. 474, 475, 71 Atl. 367; *Lakitsch* v. *Brand,* 99 Conn. 388, 389, 121 Atl. 865.

In his later answer the defendant alleged that, when the officer was serving the writ, the plaintiffs were present in person, and by their servants and agents, and that they, and at their request the officer, seized certain records in addition to the grafanola described

in the complaint, and that thereby the plaintiffs and the officer became trespassers *ab initio*, thus rendering void the process and all subsequent proceedings. The trial court found that one of the plaintiffs, More, an employee, and the officer did go to the defendant's house and, gaining admittance in his absence by means of a key secured from the landlady, took the grafanola. But, although requested, the court made no finding as to the taking of the records. The defendant asks the addition of a finding as to this matter. All that the evidence discloses is that, in answer to a question, "You and Mister Mulligan (the officer) then went in and got the grafanola?" More answered, "Yes, and the records." The court should have found that the records were taken by More and the officer at the same time as the grafanola.

The grafanola had been placed in the possession of the defendant by the plaintiff Wooley under a so-called lease by the terms of which the defendant was to make weekly payments of $2.50, until the sum of $210 had been paid, when the defendant was to receive a bill of sale; in addition to the grafanola, this instrument covered also certain articles stated to be enumerated upon the back of it, but nowhere described in the record; it provided that, upon default being made in any of the payments, Wooley, his servants and agents, might enter any house owned, occupied or controlled by the defendant where the articles were and remove them; and it further contained an agreement by the defendant that in the event of his failure to make any of the payments provided he would, on demand, return the articles to Wooley. The last provision is an agreement by the defendant to return the articles independently of Wooley's right to retake them, and the requirement of a demand contained in it is not a condition of the exercise of Wooley's right to retake them.

The records, so far as is disclosed, might have been among the articles enumerated on the back of the lease, and, in that event, the plaintiffs would have been entitled to take possession of them themselves or by their agents. All the record shows is that More and the officer did take them at the same time they took the grafanola; but this falls very far short of justifying a conclusion that the officer assumed to exercise control over them by virtue of his writ. Under the agreement the plaintiffs, by their agents, had the right to enter the premises as they did and to take possession of all property included in the so-called lease; *Bruce* v. *Ulery,* 79 Mo. 322, 326; and if the officer took possession of the records without authority from the writ in his possession, still he would be justified in doing so under the authority of the agreement and the request made to him by More. *American Clay Machinery Co.* v. *New England Brick Co.,* 87 Conn. 369, 376, 87 Atl. 731. We have therefore no occasion to determine whether, if he had assumed to take possession of them without other authority than the writ, it would have made him, as the defendant claims, a trespasser *ab initio,* or whether, even if that were so, it would be a defense to the action.

The only remaining claim of error requiring mention is the defendant's contention that the plaintiffs, by repeated acceptance of payments after the time they were due under the agreement, had placed themselves in a position where they could not claim a default by reason of a failure to make weekly payments as agreed, without first giving notice to the defendant that they proposed a return to the letter of the agreement. The facts found do not support that contention. Had the defendant made the payments agreed upon, his entire indebtedness would have been discharged in April, 1924. As it was, he made payments in varying

amounts and at varying intervals, with the result that, after the last payment was credited, on December 3d, 1925, he still owed $97.50. The result of the way in which these payments were made would no doubt be a waiver of the right of the plaintiffs to resume possession of the grafanola because of a default in the provision of the contract requiring weekly payments, and preclude them from taking advantage of a failure to make such payments until they had given notice of an intent to put that provision again into operation. *Grippo* v. *Davis,* 92 Conn. 693, 696, 104 Atl. 165. But the finding does not disclose any agreement or regular practice adopted by the parties in substitution for the weekly payments stipulated. The trial court has found that after the last payment the plaintiffs several times demanded that the defendant pay the balance due or return the grafanola and that he failed to do so; but the defendant attacks this finding and that attack seems to be in part well made; there is testimony that the plaintiffs sent several communications to the defendant, but nothing to indicate what their contents were. It does appear, however, by uncontradicted testimony, that an employee of the plaintiffs did ask the defendant for a payment on account and that he promised that he would come in the next day, but did not do so. Although the defendant seeks to relate this demand to the payment made December 3d, 1925, the evidence can reasonably be interpreted only to mean that it was subsequent to that time. Correcting the finding to correspond to this evidence, the promise of the defendant to come in the next day would serve to fix that as the time when a payment was reasonably due, and the failure to make that payment would put the defendant in default. As the plaintiffs upon such a default were entitled under the agreement to the immediate possession of the grafanola, no demand for

possession was necessary before bringing the replevin action. *Hughes* v. *Kelly,* 40 Conn. 148, 153; *Pease* v. *Odenkirchen,* 42 Conn. 415, 425.

There is no error.

In this opinion the other judges concurred.