ANTONINO C. MILICI vs. JOSEPH DIFRANCESCO ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and O'SULLIVAN, Js.

268

Argued October 8th—decided December 1st, 1936.

*Louis Feinmark,* with whom was *Samuel Greenberg,* for the appellants (defendants).

*Charles L. Brooks,* with whom was *N. Randall Bassett,* for the appellee (plaintiff).

O'SULLIVAN, J.   On June 8th, 1929, the defendants gave to the plaintiff a mortgage upon certain apartment house properties located in New Haven to secure an indebtedness of $30,000 evidenced by their note payable in monthly instalments of not less than $800 each.   The note contained a proviso that if any payment of principal or interest should be in arrears for over five days, the unpaid balance would, at the option of the holder, become immediately due and payable. During September of 1931, the plaintiff consented to a modification of the note by permitting the monthly payments to be reduced to $300.   In spite of this lessened burden, the defendants defaulted early in 1932 and toward the end of the year they were ten monthly payments in arrears.   On December 20th, 1932, the present action was instituted to foreclose the mortgage.

On December 30th, while the action was pending, the defendants gave to the plaintiff a written assignment of the January rentals of the mortgaged properties.   Under this authority the plaintiff collected the rentals and, after paying maintenance charges as provided in the assignment, had in his possession on January 28th, 1933, $949.96 which he applied upon the mortgage debt.   On this latter date the parties executed a written agreement which is the source of the controversial matters.   By its terms, the plaintiff agreed to accept $5000 in full settlement of his rights

under the mortgage and note, the unpaid balance of which, on this date, was approximately $12,000. The new principal sum, the defendants agreed, would be reduced monthly by twenty-four successive payments of $150, commencing on or before February 15th, 1933, the balance remaining on February 1st, 1935, to be paid on that date. It was further stipulated that the agreement should be null and void five days after a default occurred in any of the monthly payments, and that, in such an event, the original mortgage debt should be revived, reduced in amount by the application of all payments made by the defendants under the new agreement. The twenty-four instalments were paid by the defendants so that by February 1st, 1935, the plaintiff had received $3600.

From the foregoing facts it would appear that the balance due on February 1st, 1935, which the defendants had obligated themselves to pay, was $1400. Such was the conclusion of the trial court which further found that no part of this sum had ever been paid or tendered to the plaintiff. Thereupon judgment was entered predicated upon the original indebtedness. However, an important issue framed by the pleadings and submitted for solution was whether the balance was $1400 or a sum substantially less, and further, whether tender of this lesser sum had ever been made. The claim of the defendants was that the agreement of January 28th was merely the reduction to writing on that date of an existing prior oral agreement which the parties had entered into contemporaneously with the execution of the assignment of rents, and that they contemplated and understood that the January rentals were to be applied to the $5000 indebtedness. Accordingly they insisted that the balance due on February 1st, 1935, was not $1400 but, on the contrary, a few hundred dollars which they had unavailingly ten-

dered to the plaintiff. This sharply drawn dispute was decided contrary to the defendants' claim.

The appellants now seek, through one assignment of error, to have the finding corrected by the addition of such facts as will support their claim as to the amount of the balance. The transcript reveals that this highly controverted issue of fact was determined on conflicting evidence. In the light of such a situation, this assignment of error is futile, for a finding so made is conclusive. *New Haven* v. *New York, N. H. & H. R. Co.,* 72 Conn. 225, 231, 44 Atl. 31.

A further assignment of error deals with the conclusion of the trial court as to the effect of the default of the defendants upon the agreement of January 28th. The pertinent part of the agreement upon which this assignment rests reads as follows: "We . . . agree to pay to Mr. Antonino C. Milici . . . a sum of five thousand dollars payable in monthly payments of one hundred and fifty dollars. The first payment to be made begins on or before February 15, 1933, and succeeding payments will be payable on or before the fifteenth day of each month thereafter at six per cent per annum. If any such payments should not be paid five days after the date payable this agreement will be considered null and void and the original mortgage note debt will be assumed with the provision for the allowance of such payments made during the life of this agreement will be applied to the said original mortgage debt. The balance of the specified sum of five thousand dollars is to be paid on or before February 1, 1935, at six per cent per annum. The said specified sum of five thousand dollars payable according to herein specified is in full settlement of the mortgages held by the said Mr. Antonino C. Milici." The defendants argue that the agreement explicitly provides that it should be null and void, not for failure

to pay the balance due on February 1st, but only for a neglect to honor the monthly payments of $150. They conclude in their reasoning that the trial court erred in declaring a forfeiture for the default in paying the balance.

The court, however, did not declare a forfeiture nor was any involved. The agreement of January 28th was not in substitution and extinguishment of a former one. It was an accord. And unless accepted by the plaintiff as immediate satisfaction for the pre-existing contractual duty of the defendants it did not discharge such duty but merely suspended the right to enforce it as long as there was neither a breach of the new agreement nor a justification for the plaintiff in changing his position because of its prospective non-performance. Amer. Law Institute Restatement, Contracts, Vol. 2, §§ 417, 418; *Goodrich* v. *Stanley*, 24 Conn. 613. Where an agreement is made for the satisfaction of a pre-existing contractual duty, if the duty is to pay a liquidated sum of money, the agreement is interpreted in case of doubt as meaning that only performance of the subsequent contract shall discharge such duty. Amer. Law Institute Restatement, Contracts, Vol. 2, § 419. But doubt does not arise as to the agreement in question. That it was executory in nature is conclusively established by its express provision that the original mortgage indebtedness was to continue. Until the terms of the accord were completely performed by the defendants, there was no satisfaction of their pre-existing duty. Upon their failure to pay the balance on February 1st, 1935, the original debt was resurged and the payments made under the accord operated only as satisfaction pro tanto. 1 C. J. 572; *Rokusek* v. *National Union Fire Ins. Co.*, 50 N. D. 123, 195 N. W. 300; *Noyes* v. *Pierce*, 97 Vt. 188, 122 Atl. 896; *Crouch* v. *Quigley*, 258 Mo.

651, 167 S. W. 978. Nor does this principle give rise
to a penalty or forfeiture against which equity relieves
as such. 1 Pomeroy, Equity Jurisprudence (4th Ed.)
§ 438; *Console* v. *Torchinsky*, 97 Conn. 353, 357, 116
Atl. 613. It follows that the trial court was not in
error, when, upon concluding that the defendants had
failed to perform all the terms of the agreement of
January 28th, 1933, it determined the amount of the
judgment in conformity with the original debt with
appropriate credit for all payments made.

The final assignment of error remains to be an-
swered. For the purpose of its proper consideration,
the defendants ask to have incorporated in the finding
facts, claimed to be material or undisputed, of the fol-
lowing import: For a long time prior to February 1st,
1935, they had insisted that, in ascertaining what bal-
ance was to remain unpaid on that date, they should be
credited with the January rentals collected by the
plaintiff under the assignment of December 30th,
1932; that accordingly they addressed a motion in
writing during January, 1935, to the court by which
they sought to have determined before February 1st
the merit, if any, of their claim concerning these
alleged credits; that the motion was denied on the
ground that the issue sought to be determined could
be raised only through the pleading of an appropriate
answer to the pending complaint.

Their position, fortified by these requested additions
of fact, is, that, having vainly but in utter good faith
sought a judicial determination of the disputed ques-
tion as to the amount they would be required to pay
on February 1st, 1935, a question which, through no
fault of their own, was ultimately not decided until
long after that date, an opportunity, in the nature of
a reasonable time, no matter of how short an extent,
should have been granted to pay the balance adjudged

by the court to be due, and only upon their failure to pay it within that time would the court have been justified in entering judgment against them upon the original indebtedness. This claim has, at least, the charm of novelty. In effect it seeks for the owners of the equity of redemption a law day after a law day. This is a procedure unknown to our practice. However, even assuming that under certain circumstances the high equitable power of a trial court might afford this form of relief, the instant case furnishes no such example.

The court has found that the tactics of the defendants were a mere pretense and an attempted fraud upon the plaintiff, and their course of conduct a deliberate effort to "beat the plaintiff out of what was due him and to stall off" paying the balance in order that they might continue to occupy, as long as possible, without the payment of rent, two apartments which they have used continuously since 1932. If these facts are to remain in the finding, obviously the defendants have no standing in a court of equity. *Brown* v. *Brown*, 66 Conn. 493, 499, 34 Atl. 490. If the finding is corrected by eliminating these facts, as requested by the defendants, there remains no impelling reason based on equitable considerations to entail a disagreement with the ultimate order as to the law day. The defendants had two years within which to set in motion appropriate procedural machinery to seek the determination of the amount of balance due in 1935, yet they waited until the proverbial eleventh hour before taking any action. They made no effort to pay into court the $1400, as well they might have done, to indicate their good faith. Their pleadings raise no such issue. They submitted the case on the one vital dispute as to whether or not the amount they tendered was the balance. Finally, a portion of the mortgaged

properties has, since 1932, been foreclosed by a prior incumbrancer, and in the remaining properties, the defendants' equity is substantially less than the amount of their indebtedness to the plaintiff. As indicated above, the case fails to furnish any equitable consideration which would have warranted the trial court in extending the relief requested.

There is no error.

In this opinion the other judges concurred.