ANNIE G. HALLORAN *v.* LOUIS FISCHER.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued October 11—decided November 8, 1939.

*Alexander Winnick,* with whom, on the brief, was *Max H. Schwartz,* for the appellant (defendant).

*Joseph Weiner,* for the appellee (plaintiff).

AVERY, J. The plaintiff brought this action to recover a balance of rent claimed to be overdue. The case was tried by the court and judgment entered for the plaintiff, from which the defendant has appealed. From the finding, with such corrections as the defendant is entitled to, the material facts are as follows: On March 9, 1938, the defendant was indebted to the plaintiff for back rent in the sum of $515. The plaintiff had endeavored to collect this amount through attorneys, but without result. The defendant had threatened to go into bankruptcy unless the plaintiff compromised for the sum of $200, which the defendant agreed to pay immediately, and the parties entered into an agreement whereby the defendant promised to pay $200 forthwith in full settlement. At the same time, a release was drawn up and executed by the plaintiff and placed in the hands of the defendant's attorney, in escrow, to be delivered to the defendant upon the payment agreed upon. Later, on March 16, 1938, the defendant, instead of paying the sum of $200, paid $160 and promised to pay the balance of $40 within twenty days, to which extension the plaintiff agreed. The defendant failed to pay the $40 within twenty days, but on May 9, 1938, the defendant's attorney sent a check for $10 on account, which was accepted and cashed by the plaintiff, and no further payments were made thereafter.

The defendant claims that the amount due to the plaintiff was unliquidated and in dispute and that the agreement of March 9th was a substitute contract entered into in settlement of a disputed claim and that suit could be brought, therefore, only upon the substitute contract and not upon the original claim. This contention cannot be sustained upon the finding made,

which is supported by evidence and cannot be corrected, that the claim was for $515, which was the amount of the rent remaining unpaid, and that statements have been rendered, from time to time, to the defendant showing this amount to be due. The court further found that the reason why the agreement was made on March 9th to take a lesser sum in full settlement was because the defendant had threatened to go into bankruptcy and thus avoid paying anything. The trial court held that the agreement was not in itself an accord and satisfaction. Whether it was or not would depend upon the intention of the parties; *Riverside Coal Co.* v. *American Coal Co.*, 107 Conn. 40, 45, 139 Atl. 276; *Milici* v. *DiFrancesco*, 122 Conn. 267, 272, 188 Atl. 884; with a strong presumption that the plaintiff would not, claiming a substantially undisputed amount to be due her, accept a mere promise to pay a much smaller sum in discharge of the larger amount. Restatement, 2 Contracts, §§ 418, 419; 6 Williston, Contracts (Revised Ed.) § 1847. The fact that the release was delivered in escrow with instructions that it be given to the defendant only when the sum of $200 agreed upon in settlement was paid, is itself the strongest evidence that the agreement was an executory accord. Inasmuch as the $200 was not paid at the time agreed, and in fact was never paid, the accord did not ripen into a satisfaction. *Francis* v. *Deming*, 59 Conn. 108, 110, 21 Atl. 1006; *Riverside Coal Co.* v. *American Coal Co.*, 107 Conn. 40, 48, 139 Atl. 276; *Goodrich* v. *Stanley*, 24 Conn. 613, 620; *Scutts Appeal*, 43 Conn. 108, 109; *Lovell* v. *Hammond Co.*, 66 Conn. 500, 510, 34 Atl. 511; *Milici* v. *DiFrancesco*, 122 Conn. 267, 272, 188 Atl. 884. "The essence of an accord and satisfaction is that it should be executed as agreed." *Prest* v. *Cole*, 183 Mass. 283, 285, 67 N. E. 246.

Another claim of the defendant is that by accepting the $10 from the defendant's attorney on May 9th the plaintiff waived her right to insist upon the payment of the entire indebtedness because of defendant's failure to pay the balance of the $200 at the time fixed. "Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. This presupposes that the person to be affected has knowledge of his rights, but does not wish to assert them." *MacKay* v. *Aetna Life Ins. Co.*, 118 Conn. 538, 547, 173 Atl. 783. There is nothing in the finding to indicate that the plaintiff, by accepting part of the money due to her in a single payment of $10, intended to relinquish her right to have the full amount paid, or to extend the time indefinitely for carrying out the terms of the accord. *Wooley* v. *Williams*, 105 Conn. 671, 678, 136 Atl. 583. This distinguishes the case at bar from *Grippo* v. *Davis*, 92 Conn. 693, 696, 104 Atl. 165, relied upon by the appellant, where the defendant received payments in varying amounts and at irregular times through a long period and we held that the receipt of these payments was a waiver of a provision for weekly payments as long as the irregular payments continued, but that the defendant was at liberty at any time to insist upon the resumption of the original provision, in which case she was required to give the plaintiff notice of her intention so to insist and a reasonable opportunity to comply. The claim of estoppel is equally unsupported. "Estoppel rests upon the misleading conduct of one party to the prejudice of the other." *MacKay* v. *Aetna Life Ins Co.*, supra, 548. The finding does not show that the defendant was defrauded, prejudiced, or deceived in any way by the acceptance of this payment by the plaintiff.

The claim that the release discharged the indebted-

ness is answered by the fact that it was delivered in escrow upon a condition never fulfilled. The release did not become effective until the condition had been performed and the release delivered to the releasee. *Stiebel* v. *Grosberg*, 202 N. Y. 266, 273, 95 N. E. 692; *Grilly* v. *Atkins*, 78 Conn. 380, 384, 62 Atl. 337.

At the trial, the defendant claimed that the time to pay the balance of the settlement had been extended "until the fur season started" and had asked corrections of the finding to support this claim. Even if we should correct the finding to show that the plaintiff's attorney gave the defendant to understand that he would not press him for payment of the balance due until the season for selling furs started, any such promise would be ineffectual because it was not supported by any consideration. *Simone* v. *Kirschner*, 100 Conn. 427, 429, 124 Atl. 20.

There is no error.

In this opinion the other judges concurred.