ABRAHAM J. STEIN *v.* NORMAN MOSKOWITZ

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued February 3—decided March 16, 1954

*Abraham A. M. Schweitzer,* with whom was *John W. Joy,* for the appellant (defendant).

*Leo Parskey,* with whom, on the brief, was *Benjamin Rabinovitz,* for the appellee (plaintiff).

INGLIS, C. J.  In this action the plaintiff replevied certain store fixtures sold by him on a conditional bill of sale.  The trial court, upon concluding that there had been a default on the part of the conditional vendee which entitled the vendor to possession of the fixtures, rendered judgment for the plaintiff. From this judgment the defendant has appealed.

The finding, which is subject to correction only as to the balance found due under the conditional sale agreement, sets forth, when corrected in that particular, the following facts: By the terms of a conditional sale contract dated August 27, 1951, the plaintiff placed Walter J. Chudwick in possession of certain store fixtures, retaining title, however, until the full purchase price of $3040 was paid.  It was agreed that $1040 should be paid on or before the delivery of the fixtures, and the balance in suc-

cessive monthly instalments of $200 each on the twenty-fourth day of each month, commencing September 24, 1951. The contract provided that the vendee should not transfer any interest in the property without the written consent of the vendor. It also contained the usual provision giving the vendor the right to repossess the property in the event of breach by the vendee of any of the contract terms.

Chudwick, in addition to the initial payment of $1040, made payments of instalments, many of them long after they were due, in the total amount of $1450. The last of these payments was made in September, 1952. Although the final instalment was due on June 24, 1952, there was a balance remaining unpaid of at least $550 after Chudwick made his payment in September. Meanwhile, without the knowledge or written consent of the plaintiff, Chudwick had in some manner, at a time not disclosed in the evidence, placed the defendant Moskowitz in possession of the store fixtures. The present action was started on November 13, 1952. On May 18, 1953, the defendant filed an offer of judgment of $255, but this was not accepted by the plaintiff.

The court concluded that there was a default in the payments under the conditional sale agreement and that the plaintiff was, therefore, entitled to possession of the property. Upon this appeal, the defendant assigns error in this conclusion and makes two principal claims. These are, first, that there was a waiver of the time set forth in the contract for the payments and therefore there was no default, and, second, that the tender of judgment was a complete defense to the action. He also contends, in his brief, that this replevin action could not lie because no demand for possession was made before the action was instituted. The last claim will not be considered be-

cause it was not made in the trial court. Practice Book § 409.

We first consider the claim that there had been no default in the payments called for by the conditional sale agreement because the plaintiff had waived the provisions of the agreement with reference to the time of those payments by accepting payments after they were due. A consistent acceptance of late payments under such a contract may constitute such a waiver. *Grippo* v. *Davis,* 92 Conn. 693, 696, 104 A. 165. To establish a waiver, however, it was incumbent upon the defendant to satisfy the trier that the plaintiff, by accepting late payments, intended to relinquish his right to insist that subsequent payments be made at monthly intervals as provided in the contract. *Halloran* v. *Fischer,* 126 Conn. 44, 47, 9 A.2d 290; *Wooley* v. *Williams,* 105 Conn. 671, 678, 136 A. 583.

It is true, as appears in detail in the finding, that nothing was paid on the contract in January, February and March, 1952. While $200 was paid in April, nothing was paid in May. A check given in June was protested and not covered until July. A check given in August was protested but later made good. In September only $50 was paid. It was not until November that the present action was instituted. On these facts, we cannot say that the trial court was bound to infer that the plaintiff intended to waive the requirements of the contract to the extent of permitting the conditional vendee to make late payments whenever it suited his pleasure to do so. The court was warranted in concluding that the vendee was in default for failing to pay the instalments called for by the contract. Moreover, there had been another breach of the agreement in that the vendee transferred an interest in the property to

the defendant without the written consent of the vendor, as provided in the contract.

The tender of judgment was futile as a defense to the action. The amount tendered was far short of the balance due, and in any event the default which entitled the plaintiff to immediate possession had occurred long before the tender was made.

There is no error.

In this opinion BALDWIN, WYNNE and DALY, Js., concurred.

O'SULLIVAN, J. (concurring). I prefer to rest my concurrence entirely on the breach of that portion of the conditional sale contract which provided that the vendee would not transfer any interest in the fixtures to a third person without first obtaining the written consent of the vendor.