[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has alleged in a two count complaint that (1) the defendant failed to pay rent due from January 1996 through April 1997 [15 months) and (2) the defendant would be unjustly enriched if the amount claimed [minus a credit of $756.84] were not paid. The defendant has filed three special defenses (1) the plaintiff's causes of action are barred by the Statute of Limitations, (2) the plaintiff is guilty of laches and (3) the action is barred by the doctrine of Accord and Satisfaction. The defendant also filed two counterclaims and Sett Off (1) Services Rendered and Improvements Made and (2) CUTPA.
The plaintiff is the owner of the premises located at 269-271 High Street, New Britain, Connecticut. The defendant needed a place to stay after his relationship with the plaintiff's best friend ended. The plaintiff and the defendant were also friends. The plaintiff offered the second floor apartment which had become vacant when her former husband moved.
The defendant moved into the apartment in January 1996. The plaintiff believes that she offered the apartment at $350.00 per month. The defendant believes that he moved in, would make some repairs and then he and the plaintiff would revisit the issue of rent at a later date. The defendant, after moving in, did the following: general maintenance, snow removal, cut the grass and made some repairs to the apartment. The plaintiff does not dispute what the defendant did but asserts that she did not ask him to do any repairs. The defendant also handled a problem with the water heater and left work early to deal with a problem with the gas. The defendant replaced a stove at a cost of $756.84 which he left in the apartment when he moved. The defendant had also purchased a refrigerator which he removed when he vacated the apartment. The defendant had some documentation to support his claims.[1]
The defendant sent a letter to the plaintiff dated March 2, 1997[2]. The letter contained references to the dispute concerning the rent, including an offer to pay $200.00 per month immediately and $250.00 per month after all items belonging to the plaintiff and her former husband were removed from the apartment. The tenant on the first floor paid a monthly rent of $400.00 and the tenant on the third floor paid a monthly CT Page 6303 rent of $300.00. The defendant paid $300.00 per month from April 1997 through May 1999 when he vacated the apartment. The defendant received notice of this complaint on December 29, 1999.
 DISCUSSION
Conn. Gen. Statutes § 52-581 (a) provides as follows:
"No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues. The plaintiff claims non payment of rent from January 1996 to April 1997 under a parol lease agreement. The first month of claimed non-payment and each month thereafter gave right to a cause of action. The present action was brought December 29, 1999. Any claim for an amount due from January 1996 to December 1996 is barred pursuant to C.G.S. §52-581.
C.G.S. § 47a-1[i] provides in pertinent part as follows: "Rental Agreement" means all agreements written or oral . . . embodying the terms and conditions concerning the use and occupancy of a dwelling unit or premises. A lease is a contract and if a landlord insists on one rate of rental and a tenant insists on another, there is no meeting of the minds and therefore no contract. Welk v. Bidwell, (1950) 73 A.2d 295,136 Conn. 295.
Either a parol lease or a written agreement must embody the terms and conditions concerning the use and occupancy of a rental unit. In the present case the plaintiff claims that she entered into a parol lease with the defendant who agreed to pay $350.00 per month. The defendant claims that he agreed to move into the apartment, make some improvements, do maintenance and repairs and the rental amount would be revisited at a later time. The letter of March 2, 1997 included an offer of two other amounts[3] and the defendant tendered and the plaintiff accepted $300.00 per month from April 1997 through May 1999.
The Court finds that there was no parol lease between the parties because there was no agreement as to the terms and conditions concerning use and occupancy for the period January 1996 through April 1997.
The period January 1996 through December 1996 is barred by the Statute of Limitations. However, the defendant did occupy the premises from January 1996 until May 1999. The months of January, February and March 1997 are within the three years after the right of action accrued. The plaintiff accepted rental payments of $300.00 per month from April 1997 to CT Page 6304 May 1999. The Fair Rental Value of the apartment is deemed to be $300.00 per month. The plaintiff can therefore claim $900.00 for unpaid rent. However, both parties agree that the defendant is entitled to a set-off of $756.84 for the stove that he purchased and left in the apartment. This leaves an amount of $143.16 for possible award to the plaintiff.
The plaintiff and the defendant agree that the defendant did not have the use of the entire apartment because of the property left in the apartment by the plaintiff and her former husband. Furthermore the defendant performed services and repairs which were of benefit to the plaintiff with a value in excess of $143.16. Any amount awarded to the plaintiff would result in unjust enrichment to the plaintiff.
Accord and Satisfaction
An Accord and Satisfaction . . . may only occur where, after negotiations, there is a meeting of the minds and a new contract is formulated. Halloran v. Fischer, 126 Conn. 44, 46 (1993); Taft v. ValleyOil Co., 126 Conn. 154, 161, (1939). In this case there is no evidence of negotiations which resulted in a meeting of the minds which formed a new parol lease. The doctrine of Accord and Satisfaction does not apply in this case.
Laches
Laches consists of two elements, first there must have been a delay that was inexcusable and second that the delay must have prejudiced the defendant. FDIC v. Voll, 38 Conn. App. 198, 210, 660 A.2d 358 cert. denied, 235 Conn. 903, 665 A.2d 901 [1995]. In this case the action accrued in January 1996 and each month of claimed non-payment thereafter. The plaintiff brought this action in December 1999 most of which is outside the three year statute of limitations. No explanation has been offered for the delay in bringing the action. The delay is therefore inexcusable. The defendant filed bankruptcy on April 6, 1998 while still in the apartment paying $300.00 per month. The defendant had no knowledge of the claim and therefore could neither claim the plaintiff as a creditor or list his claims of offset as amounts owed. The defendant was therefore prejudiced by the delay. Since the delay was inexcusable and prejudiced the defendant, the plaintiff is guilty of laches.
CUTPA
In determining whether a practice violates CUTPA we use the criteria of whether it offends public policy or comes within some established concept of unfairness, whether it is immoral, unethical, oppressive or unscrupulous or whether it causes substantial injury to consumers, CT Page 6305 competitors or other businesses. Muniz v. Kravis, 59 Conn. App. 704,713, 757 A.2d 1207 (2000) See Associated Investment Co. Ltd Partnershipv. Williams Associates IV., 238 Conn. 148, 155, 645 A.2d 505 (1994).
There is no CUTPA violation under the facts and circumstances of this case. The parties were friends and failed to come to an agreement specifying the terms and conditions concerning the use and occupancy of the apartment.
As there is no CUTPA violation there is neither an award of attorney's fees nor punitive damages. The evidence presented at trial as to attorney's fees was for the representation in the bankruptcy proceeding. The plaintiff failed to prove her claims. Judgment for the defendant.
As to Count I of the counterclaims judgment for the defendant.
As to Count II of the counterclaim, judgment for the plaintiff.
 _____________________ CRAWFORD, JUDGE