The plaintiffs brought this action, returnable to the first Tuesday of December, 1941, to recover a balance *Page 303 
claimed to be due them for plumbing supplies and services rendered the defendant in the amount of $665.87. The defendant denies that he is indebted for the amount claimed and by way of a special defense alleges that he and the plaintiffs, about one year after the commencement of this action, entered into a compromise agreement, the effect of which was to reduce the amount of the indebtedness to $400, and that pursuant to such agreement, he made several payments thereafter, so that on the day of the trial there was left unpaid only the sum of $25, which he tendered to the plaintiffs on that day.
It is clearly established that in September, 1942, the plaintiffs agreed to accept $400 in settlement of this action, payment to be made within a reasonable time. The defendant paid $100 on September 23, 1942; $100 on October 9, 1943; $25 on September 16, 1944; and $25 on January 8, 1945. Only one payment of $25 was made in the year 1944, and the last payment of $25 followed written notice from the plaintiffs' attorney that unless a final settlement of the claim was made before January 1, 1945, steps would be taken to recover a judgment in this action. This case was claimed for assignment by the plaintiffs early in March, 1945, and the defendant, on March 7, 1945, sent to plaintiffs his check for $125 which was retained by them but not collected. On the trial the defendant tendered $25 to the plaintiffs, claiming that to be the full balance due on the $400 compromise agreement.
The merchandise and services set forth in plaintiffs' bill of particulars are found to have been delivered or rendered to defendant and that the charges therefor are reasonable. At the time the compromise agreement was made, the defendant was indebted to the plaintiffs in the sum of $665.87. The plaintiffs were induced to enter into the compromise agreement because of representations made by defendant in respect to his financial difficulties and the possibility of bankruptcy proceedings. The plaintiffs in offering to accept payment of $400 as a compromise settlement neither agreed that they would accept the defendant's mere promise as immediate satisfaction nor that they would wait an indefinite time for performance. It was the intention of the parties that performance in full should be made within a reasonable time in order to be effective as a discharge of the original indebtedness and as a compromise of this action. The agreement was not, in and of itself, a substitution for and extinguishment of the original indebtedness. *Page 304 
It was an accord and as it was not accepted by plaintiffs as an immediate satisfaction of their claim, at the most it only suspended the right to enforce it as long as there was no breach of the agreement. Milici vs. DiFrancesco, 122 Conn. 267, 272;Halloran vs. Fischer, 126 id. 44, 46; 2 Restatement, Contracts,
§§ 417, 418; 6 Williston, Contracts (Rev. ed. 1938) § 1841.
The compromise agreement was made in September, 1942, and in March, 1945, at the time the case was claimed for trial, there still remained unpaid $150 of the agreed amount of $400. Since there are no sufficient facts in evidence to support a finding that the plaintiffs either directly or by inference extended the time for performance to March, 1945, I find that the defendant failed to perform the agreement within a reasonable time and, because of that breach of the agreement and for other reasons heretofore stated, the compromise agreement is not a good defense to this action. The plaintiffs are entitled to apply on account of the original indebtedness the partial payments made by defendant. The check for $125 dated March 7, 1945, not having been collected by the plaintiffs, is not considered as a payment or credited on the account and therefore should be returned to the defendant. There was no claim for interest made by plaintiffs on the trial and therefore interest is not included in the amount of the judgment. If this statement as to interest is not in accord with the record, the plaintiffs may move to correct the amount of the judgment by the addition of interest thereto.
 Judgment may be entered for the plaintiffs to recover of the defendant the sum of $415.87, with taxable costs.