## W. H. McCune, Inc. *v.* Isadore Revzon

King, Murphy, Shea, Alcorn and Comley, Js.

Argued June 7—decided July 31, 1963

*Anthony J. Monterosso,* for the appellant (plaintiff).

*Monroe S. Gordon,* for the appellee (defendant).

Shea, J. In September, 1957, the plaintiff sent the defendant a bill for work done and materials furnished during the preceding four months. The

defendant made payments on account until December, 1957; the balance then due was $1482.82. At that time, the parties had some conversation about the bill. Later, the defendant claimed that the plaintiff had agreed to accept $1000 in full payment, but the trial court found that the amount of the bill was not in dispute, that the conversation about the bill was "talk" designed to induce the plaintiff to accept less than the amount actually due and that there was no compromise. In January, 1958, the defendant by his check paid $300 on account. On February 11, 1958, the defendant personally delivered to the plaintiff a check for $200. On the lower left-hand corner of the face of this check, the defendant had written "bal. $500.00." The plaintiff told the defendant that the notation on the check was not correct and, before depositing it, crossed out the "$500.00" and substituted "$982.82." A few days later, the plaintiff did a small job for the defendant amounting to $4.50, and this sum was added to the defendant's bill. On February 28, 1958, the defendant personally delivered to the plaintiff a check for $250 on which the defendant had written "bal. $250.00 to date." Again, the plaintiff orally disputed the correctness of the notation on the check. He kept it, however, and, in the absence of the defendant, changed the notation to read: "Bal. $737.32 to date." The defendant was willing to pay the plaintiff an additional $250 if the plaintiff would give him a receipt marked "paid in full." At the trial, the defendant conceded that the original bill rendered by the plaintiff was correct.

The plaintiff brought this action to recover the balance of $737.32. The defendant denied that this sum was due and alleged, by way of further defense, that the parties had reached an accord as to

the balance due, that the defendant had tendered the balance, and that the tender had been refused. The court found the issues for the plaintiff and rendered judgment in the amount of $737.32. The defendant appealed to the Appellate Division of the Circuit Court, which construed the defense as alleging that the parties had entered into an accord and satisfaction, found error and remanded the case "with direction to enter judgment for the plaintiff to recover of the defendant the balance of $250.00 due under the terms of the accord and satisfaction."

An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed. *Bull* v. *Bull,* 43 Conn. 455, 462; Restatement, 2 Contracts § 417, comment a. The defendant does not claim, nor has he pleaded, that his debt has been paid in full. He has alleged an accord executory. "[A]n accord is an *agreement;* but there is no agreement, without a *consideration;* and receiving *part* only, is no consideration for an agreement not to collect the *rest;* it is a *nude pact." Warren* v. *Skinner,* 20 Conn. 559, 561. Where the claim is unliquidated, however, any sum, given and received in settlement of the dispute, is a sufficient consideration. *Hanley Co.* v. *American Cement Co.,* 108 Conn. 469, 473, 143 A. 566. Where one of two different sums is due, if there is a dispute as to which is the proper amount, the demand is unliquidated. Ibid.; *Bull* v. *Bull,* supra. Here, the trial court found that there was no dispute as to the amount of the debt. In fact, the defendant conceded during the trial that the bills presented by the plaintiff were correct. Nor was there any controversy about payments which had been made on account. The mere assertion that a

compromise has been made is not sufficient to convert the claim into an unliquidated one. The question whether the claim is liquidated or disputed is generally a question of fact to be determined by the trier. 1 Am. Jur. 2d 324, Accord and Satisfaction, § 26. The facts found by the trial court fully supported the conclusions reached by it, and the trial court did not err in rendering judgment as it did.

There is no error in the judgment of the trial court, and the judgment of the Appellate Division is set aside.

In this opinion the other judges concurred.