## LIONEL GILREATH *v.* SENTRY INSURANCE COMPANY

### APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1212

Argued February 22 – decided June 4, 1982

*Donald C. Simmons,* for the appellant (plaintiff).

*Michael P. Foley, Jr.,* for the appellee (defendant).

F. HENNESSY, J. On December 12, 1974, the plaintiff collided with a motor vehicle driven by an uninsured motorist. The defendant thereafter paid the plaintiff the sum of $2880.52 according to the no fault provisions of an insurance policy held by its insured, who owned the vehicle the plaintiff was driving at the time of the accident. The plaintiff then sought additional recovery under the uninsured motorist provisions of the policy issued by the defendant and demanded arbitration for that purpose. After a hearing, the arbitrator awarded the plaintiff $6000 in uninsured motorist benefits. The defendant delivered to the plaintiff a check for $3119.48, which represented the $6000 less the amount previously

paid under the no fault provisions. The plaintiff accepted and negotiated the check, across which was written: "SETTLEMENT ALL CLAIMS INSD DOROTHY HARDY."

On October 26, 1977, the plaintiff filed an action in Superior Court seeking confirmation of the arbitration award and requesting that the court order the defendant to pay the difference between the $6000 award and the $3119.48 previously paid. Reasoning that the defendant could properly set off from the total award of $6000 the $2880.52 originally paid pursuant to the no fault provisions of the policy, the trial court found for the defendant and dismissed the motion to confirm the award as moot.

The plaintiff has appealed to this court contending that the trail court erred by allowing the defendant to set off payments made under the no fault  provisions against the amount awarded under the uninsured motorist provisions of the policy. Without reaching the specific merits of this contention, we find, after applying the doctrine of accord and satisfaction, that the trial court properly rendered judgment for the defendant.

The discharge of a debt by accord and satisfaction occurs when a debtor renders performance different from that allegedly due to his creditor and the creditor accepts the substituted performance in full satisfaction of the disputed claim. *W. H. McCune, Inc.* v. *Revzon,* 151 Conn. 107, 109, 193 A.2d 601 (1963); *General Consolidated, Ltd.* v. *Rudnick & Sons, Inc.,* 4 Conn. Cir. Ct. 581, 589 (1967); 6 Corbin, Contracts § 1276, p. 115. "The cashing . . . of a check expressly sent in full settlement of a disputed claim, operates as an accord and satisfaction if, at the time, no word of dissent is sent to the party offering it in satisfaction. In these cases it is held that it makes no difference that the creditor did not know that the effect of cashing the check . . . would be the discharge of his entire claim." Corbin, op. cit., § 1279, p. 131.

The defendant clearly expressed its intent that the check for $3119.48 constitute complete payment in full settlement of all claims made against it by the plaintiff. The face of the check unequivocally stated this intent in bold type. Moreover, a letter written by the defendant's attorney to the plaintiff definitively stated that the amount of $3119.48 "represents the net sum due you" and explained that the defendant was entitled to "deduct from the award of $6,000.00 the . . . medical bills [previously] paid." Finally, the plaintiff and his attorney endorsed the check and deposited the funds in a trustee account, without protest or dissent. Accordingly, we find that the plaintiff's cashing of the check operated to discharge and satisfy any obligation otherwise owed by the defendant to him.

There is no error.

In this opinion DALY and SPADA, Js., concurred.