## AIR-CARE N.O. NELSON COMPANY *v.* WILLIAM PATCHET (2522)

SPALLONE, WAGNER and HIGGINS, Js.

Argued March 1—decision released September 10, 1985

*Charles A. Sherwood,* for the appellant (plaintiff).

*William Patchet,* pro se, the appellee (defendant).

HIGGINS, J. From the sparse record before us, it appears that this action was brought by the plaintiff to collect for materials provided to the defendant in the amount of $4362.32. The action was returned to the trial court on October 7, 1980. Sometime prior to July, 1981, the parties reached an agreement of settlement, whereby the defendant was to pay $1000 to the plaintiff in full settlement of the claim. The defendant made only one payment of $500 to the plaintiff in July, 1981.

The first and only trial assignment was on September 1, 1983. At that time, it was reported to the court that the case had been settled two years earlier. The plaintiff claimed that the settlement contract had been breached by the defendant because it had not been paid the agreed upon amount. The plaintiff asserted that the settlement was no longer acceptable and that it was ready to proceed to trial on the merits. The trial court dismissed the matter because of the parties' failure to file a withdrawal of the action. From the judgment rendered on that dismissal, the plaintiff has appealed.

The dispositive issue herein is whether the court erred in dismissing the action, sua sponte, without an evidentiary hearing to determine whether the settlement agreement itself or full performance of that agreement constituted satisfaction of the underlying claim. We find error.

Apparently, the trial court assumed that the settlement agreement itself constituted full satisfaction of the underlying claim. The court stated that the plaintiff should enter the settlement on the record and collect the balance due by execution.[1] The plaintiff

---

[1] The transcript reveals the following exchange:

"The Court: Well, if it's settled, why should there be a trial?

"Mr. Sherwood [counsel for the plaintiff]: Because the settlement was in lieu of the trial at the time, and he never paid it . . . .

"The Court: There's a remedy for that, Mr. Sherwood.

"Mr. Sherwood: Another lawsuit?

"The Court: No. You should enter the settlement on the record and collect the balance due by execution.

"Mr. Sherwood: The settlement was a substantial discount. There was a total amount of four thousand dollars claimed, and the settlement at that time was one thousand dollars as opposed to going to a trial. It was with the understanding that it would be paid in thirty days. It was not paid. Two and a half years has [sic] now passed and, of course, at this time my client is not willing to accept such a substantial discount as far as the settlement.

"The Court: Well, why didn't you pursue the collection of the balance two and a half years ago?

"Mr. Sherwood: I did. I wrote to Mr. Dimenstein [counsel for the defendant] quite a few times. . . .

requested permission to proceed to trial on the original claim. This request was denied and the matter was dismissed.[2]

Satisfaction of a claim may be found in either the promise to settle or the full performance of that promise. Connecticut law comports with the view that the intention of the parties is determinative of whether a settlement agreement constitutes an executory accord or a substitute agreement. *Halloran* v. *Fischer,* 126 Conn. 44, 46, 9 A.2d 290 (1939). The finding of error herein is predicated on the failure of the trial court to make an evidentiary determination of the intention of the parties.

It is frequently difficult to determine as a matter of fact whether the parties agreed that the settlement agreement *itself* constituted satisfaction of the original cause of action, or whether the *performance* of the agreement was intended to be the satisfaction. 15 Williston, Contracts (3d Ed. Jaeger) § 1847. Whether the new agreement was per se accord and satisfaction

---

"The Court: Why shouldn't there be a judgment entered now for the balance due of five hundred dollars?

"Mr. Sherwood: Because at this point, after two and a half years and this acceleration of the Consumer Price Index, the settlement is not acceptable. . . .

"The Court: Mr. Sherwood, if the matter was settled, there was an agreement.

"Mr. Sherwood: There was also an agreement that the matter was to be paid within thirty days, which it wasn't.

"The Court: And then would you have the right, sir, to get a judgment and collect the balance.

"Mr. Sherwood: For five hundred dollars?

"The Court: Yes sir.

"Mr. Dimenstein: May it please the Court, my records indicate that my client gave me five hundred dollars to forward to Attorney Sherwood, and that was on July 17, 1981. So it was two years and one and a half months; not two and a half years."

[2] The transcript states:

"The Court: That request is denied. This case is dismissed. Sue on the agreement."

of the original debt depends upon the intention of the parties. *Halloran* v. *Fischer,* supra; *Becker & Goldstein* v. *MacFarlane,* 13 Conn. Sup. 302, 303 (1945). It is strongly presumed, however, that a plaintiff, who is claiming a substantially undisputed amount to be due, would not accept a mere promise to pay a much smaller sum in discharge of a claim for a larger amount. *Halloran* v. *Fischer,* supra; see *Milici* v. *DiFrancesco,* 122 Conn. 267, 188 A. 884 (1936). "[I]t is not a probable inference that a creditor intends merely an exchange of his present cause of action for another. It is generally more reasonable to suppose that he bound himself to surrender his old rights only when the new contract of accord was performed." 15 Williston, supra, § 1847.

The intent of the parties to a contract is generally considered to be a question of fact. *Albert Mendel & Son, Inc.* v. *Krogh,* 4 Conn. App. 117, 123–24, 492 A.2d 536 (1985). Nothing in the record or transcript of this case indicates that the trial court received any evidence or considered the question of whether the parties intended the agreement itself or the performance of the agreement to constitute satisfaction of the original claim. In the event that the parties intended that performance of the new agreement was to be the satisfaction of the claim, "there can be no doubt that the creditor may, on default in performance of the accord by the debtor, sue *either* on the orignal cause of action, or, it would seem, if he prefers to do so, on the contract of accord." (Emphasis added.) 15 Williston, supra, § 1848; see *L & A Drywall, Inc.* v. *Whitmore Construction Co.,* 608 P.2d 626, 629 (Utah 1980).

Since the intent of the parties to the settlement agreement is crucial to the proper disposition on this case, we find that an evidentiary hearing devoted to this question would best serve the interests of justice. We hold that the trial court erred in dismissing this

action without determining whether, by merely enter-
ing into the settlement agreement, the plaintiff
intended to surrender its right to pursue the underly-
ing claim.

There is error, the judgment of dismissal is set aside
and the case is remanded for further proceedings.

In this opinion the other judges concurred.