[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case was tried to the court after being transferred from the Small Claims Division. The plaintiff appeared pro se throughout these proceedings. CT Page 3710
The only witnesses were the plaintiff and the defendant, hence credibility was a substantial factor in the court's deliberations.
The court found the plaintiff's testimony to be candid and truthful and consistent with her pleadings. The defendant did not prove his special defenses. His claim that he terminated the arrangement between the plaintiff's sign company and his real estate business is irrelevant because the plaintiff's claimed charges accrued prior to the time the termination allegedly occurred.
The court further finds the prior relationship between the two businesses, evidenced by the monthly statements, contemplated finance charges and this was patently clear to the defendant as those terms were printed on the statements.
As for the claim of accord and satisfaction raised by the defendant, this defense was not pleaded. However, had it been pleaded, the court would not recognize this claim under the principles set forth in W.H. McCune, Inc. v. Revzon, 151 Conn. 107,109 (1963). It is further noted that upon receipt of the check claimed to have been the accord and satisfaction, the plaintiff had a conversation with the defendant's employee with whom she had dealt in the past. She was assured that the defendant did this all the time.
This case is thus distinguishable from the Brown Thomas case cited by the defendant. The amount claimed was not in dispute and had not been questioned prior to receipt of the check. The "offer" (the check) was not accompanied by acts or declarations which made acceptance conditional upon an acceptance in full satisfaction of the debt. See Brown Thomas Automobile Co. v. Frank Reilly, 18 Conn. Sup. 494, 496-497 (1954).
Judgment may enter for the plaintiff to recover of the defendant the sum of $136.32 plus interest at the legal rate of 10% per annum from February 4, 1989 to date in the amount of $24.00 and costs taxed as follows:
Entry fee: $20.00
Registered Mail: 4.00
 Trial of an issue of fact: 25.00
 Proceedings before trial: 10.00 ------ CT Page 3711 $59.00 for a total of $219.32.
ANTHONY V. DeMAYO, J.