[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON POST VERDICT MOTIONS FILED ON BEHALF OF RICHARD DEVERIAN DEFENDANT ON THE COUNTERCLAIM
On September 18, 1988 the plaintiff Ruth Deverian was injured on the premises of the New Haven Coliseum Authority while she and her husband Richard Deverian (plaintiff on a loss of counterclaim claim) were dismantling their (team) jointly owned and operated exhibition of rugs and antiques. The defendant Cottler was the promoter and operator of the exhibition. Both defendants on the complaint properly received service of the complaint on July 13, 1990.
Various motions and pleadings were filed on behalf of the Deverians and/or the named defendants including answers and special defenses.
On August 21, 1991, the plaintiffs Ruth and Richard Deverian, filed this Motion for Leave to File Pleading subsequent to Reply which was granted on October 7, 1991. (126).
On August 21, 1991 the plaintiffs Ruth and Richard Deverian, filed a pleading entitled Revised Reply to Special Defense, dated August 16, 1991. (127).
On September 5, 1991 plaintiffs filed a "Reclaim" slip addressing Motion to File Pleading subsequent to Reply dated August 16, 1991.
The next pleading was filed on September 18, 1991 entitled "Counter Claim as to Richard Deverian." This was filed for the "Defendant Milton Cottler D/B/A Milton Cottler Expositions. (131).
On November 8, 1991 plaintiff Ruth Deverian, et al. again reclaimed the Motion For Leave To File Pleading Subsequent to Reply dated August 16, 1991 certifying "a copy hereof was mailed to all counsel and parties of record on November 6, 1991." Oral Argument was requested.
On December 6, 1991 an appearance was filed for Richard Deverian plaintiff "In addition to the appearance already on filed."
On January 3, 1992 an "Amended Counterclaim as to Richard Deverian" was filed for "The defendants Milton Cottler D/B/A Milton Cottler Expositions, and New Haven Coliseum Authority. (136).
On March 25, 1992 and again on March 31, 1992 "An answer and Special Defenses To Amended Counterclaim was filed on behalf of Richard Deverian, (141 and 142) citing both statutes of limitation and negligence of Ruth and Richard Deverian as special defenses. CT Page 8667
Trial started on July 13, 1992.
On July 17, 1992 the parties to the complaint stipulated to a Partial Judgment (copy attached and incorporated him by reference). (152).
On July 17, 1992 Richard Deverian filed a "Withdrawal of the Counts pertaining to Claim for loss of consortium and bills." (145) (copy attached).
On July 17, 1992 a request to amend the Answer and Special Defense to Amended Counterclaim was granted adding a Fourth Special Defense of res judicata and a Fifth Special Defense of collateral estoppel. (150).
The trial proceeded on the amended counterclaim and amended special defenses (136 and 150). The prayer for relief on the amended counterclaim read —
 "Wherefore, the defendants (Cottler and Coliseum Authority) third party plaintiffs on the counterclaim seek indemnification, costs, expenses and fees."
Richard Deverian prepared five interrogatories that were answered and returned by the jury along with the Form entitled "Plaintiffs' Verdict on the Amended Counterclaim" dated July 20, 1992." (copies attached and incorporated herein.)
That verdict awarded Cottler and the Coliseum Authority the sum of $155,000.00 to be recovered from Richard Deverian defendant of the counterclaim.
Richard Deverian filed the following post verdict motions.
1.
Motion For Judgment Withdrawing the Verdict (157).
2.
Motion For New Trial (158).
3.
Motion to Set aside the Verdict (159).
These three motions are based on essentially the same seventeen grounds or reasons as enumerated therein. CT Page 8668
In so far as practical the Court will endeavor to address each claim individually as presented in these motions.
"In order to determine whether the verdict should be set aside, the `underlinings of the verdict itself must be examined.'" Barbieri v. Taylor, 37 Conn. Sup. 1, 4 (1980).
"The decision to set aside a verdict involves the exercise of a broad legal discretion in the exercise of that discretion every reasonable presumption should be indulged in favor of its correctness." Jacobs v. Goodspeed, 180 Conn. 415, 416 (1980).
"Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, ever though the opinion of the trial court and this court be that a different result should have been reached." Horvath v. Tontini,126 Conn. 462, 464, 11 A.2d 846 (1940).
A court may set aside a verdict if it determines that the jury misapplied the law as given to them by the court. Vacca v. Della Camera, 149 Conn. 277, 281, 179 A.2d 616 (1962).
The defendants named in the complaint filed their "answer and special defense" on January 29, 1991. (118) "Plaintiff's Reply To Special Defenses" was filed on February 19, 1991 (122). On August 21, 1991 Plaintiffs filed their "Motion For Leave To File Pleading Subsequent To Reply" (126) which was granted and the file indicates that the Second Special Defense allegations were denied (127) as filed on August 21, 1991.
As noted above "Counterclaims as to Richard Deverian "was filed on September 18, 1991 by the defendant Milton Cottler D/B/A Milton Cottler Expositions as named in the complaint. This pleading alleges that if the plaintiffs named in the complaint were injured in any manner as alleged in this complaint, then these injuries, losses, and damages were proximately caused by the negligence of Richard Deverian as recited herein and any negligence of any of the defendants, which is hereby expressively denied, was passive in nature." (131)
Defendant on the counterclaim Richard Deverian maintains that the counterclaim filed on September 18, 1991 is an independent action to which the Statutes of Limitations applies as they would were it a separate suit. It is his theory that the incident alleged in the complaint to have occurred "on or about September 18, 1988" and the Statutes of Limitation as alleged in his "Answer and Special Defenses to amended Counter Claims" filed CT Page 8669 July 17, 1992 bars the indemnification claim of Cottler on the Coliseum Authority.
Cottler and the Coliseum Authority maintain that filing the counterclaim on September 18, 1991 within three years of September 18, 1988 entitled them to have the counterclaim decided by the jury under the facts of the following general rule.
 "From a very early date in this state the time when the action is regarded as having been brought is the date of service of the writ upon the defendant. . . . That, in our judgment, is the sounder rule, because only thus is the defendant put upon notice of the purpose of the plaintiff to call upon him to answer to the claim in court. Under our present practice, a counterclaim may be filed as a part of the answer. General Statutes 5511. When this is done within the time provided by the rules of practice, the filing of the answer is the commencement of the action set up in the counterclaim. If not filed within that time, it is necessary to make a motion to the court for permission to file it, reciting in or appending to the motion the proposed pleading, as was done in this case. Practice Book, 93. When the plaintiff receives notice of the filing of such a motion, he knows that the defendant proposes to call upon him to answer in court the demand asserted in the counterclaim, and that he must appear to oppose the granting of the motion or, by failing to do so, risk its allowance and a subsequent judgment against him on the counterclaim. Such notice meets the requirement of our rule and marks the commencement of the action. Whether the mere filing of a motion not reciting the counterclaim or having it appended would have this effect, we have no need to determine."
Consolidated Motor Lines, Inc. v. JM Transportation Co, 128 Conn. 107,109 (1941).
The reason claimed as to why such action (by Cottler and the Coliseum Authority), is deemed sufficient to stop the running of the statutes is that the filing of the counterclaim "evinces a settled purpose no longer to sleep upon" (their) rights and allow the time limited by these statutes . . . to elapse." Consolidated at 108. CT Page 8670
The "Counterclaim as to Richard Deverian" (131) filed on September 18, 1891 consists of five paragraphs. The "Amended Counter Claim as to Richard Deverian" filed on January 3, 1992 consists of nine paragraphs (136).
Although the counterclaim could have alleged the nature of the claim of Cottler and the Coliseum Authority more precisely this pleading fairly apprised Richard Deverian of the state of facts which Cottler and the Coliseum Authority intended to prove on this counterclaim. The Amended Counterclaim filed January 3, 1992 without objections (136) expanded Cottler's and the Coliseum Authority's Claims and provided the foundation for the Form of Verdict returned by the jury on the Counterclaim against Richard Deverian. Richard Deverian did not file a motion to strike the first counterclaim or the amended counterclaim nor did he file one or more requests to revise either or both pleadings.
Richard Deverian withdrew his claims on the complaint and the Stipulation for Judgment was filed on July 17, 1992. (Copies of both attached and incorporated herein.
The pleadings filed on July 17, 1992 include Richard Deverian's "Request to Amend Answer and Special Defenses to amended Counterclaim" and "Satisfaction of Judgment" (150) or behalf of the Plaintiffs Ruth Deverian, et al. (153).
After brief testimony from Ruth Deverian the Stipulation was presented to the jury and the issues raised by the amended "Counterclaim" and the "Amended Answer and Special Defenses to Amended Counterclaim" were presented to the jury. The Charge addressed those amended pleadings and those issues. The jury had the Stipulated Judgment, the Five Interrogatories and the Forms of Verdict that addressed those issues. All interrogatories were answered and supported the verdict returned and accepted by the Court (Copy attached and incorporated herein by reference).
Richard Deverian's post trial motions are claims that the issues presented in the "Amended Counterclaim" and the "Amended Answer and Special Defense to the Amended Counterclaim are barred by (1) 52-584 and (2) 52-577 General Statutes.
The court rules as a matter of law that 52-577 does not bar the issues involved in the verdict returned by the jury as "the act or omission complained of" i.e. indemnification did not mature until the signing of the stipulation.
The court also rules as a matter of law that 52-584 does not bar the issue involved in the verdict returned by the jury as "a counterclaim may be imposed in any such action any time before CT Page 8671 the pleading in such action are finally closed." Such action refers to an action "to recover damages for injury to the person. . ., caused by negligence. . . ."
This statute of limitation in the action by Cottler and the Coliseum Authority against Richard Deverian, did not bar this action, since no statute of limitations as to this cause of action for indemnification began to run in favor of Cottler and the Coliseum Authority until this Stipulation For Judgment against Cottler and the Coliseum Authority was filed and this action over against Richard Deverian accrued on July 17, 1992.
 "The statute of limitations does not begin to run until the accrual of the action. McCory v. Waterbury, 92 Conn. 644, 667 (1918).
Any cause of action against Richard Deverian could no accrue until the Stipulation For Judgment against Cottler an the Coliseum Authority was entered.
To deny Cottler and the Coliseum Authority this action over against Richard Deverian on this indemnification claim would deny them their constitutional right to have issues of fact decided by the jury. Barbieri above page 2. The Stipulation For Judgment was entered on July 17, 1992. The jury verdict on the amended counterclaim was returned on July 20, 1992.
Also, the date of injury to plaintiff Ruth Deverian was September 18, 1988. The "Counterclaim as to Richard Deverian was filed on September 18, 1991. True the last appropriate day but within the three year period of 52-584.
The issues advanced by Richard Deverian in his third special defense is that Cottler and the Coliseum Authority and/or their agents, servants or employees proximately caused Ruth Deverian's injuries and damages have been decided as matters of fact against Richard Deverian. (Copy of Interrogatories attached and incorporated herein by reference.)
Richard Deverian also claimed in his Fourth and Fifth Special Defenses that the counterclaim was barred by either or both doctrines of res judicata and/or Collateral Estoppel.
This claim or theory must be examined and evaluated in view of the "Stipulation For Judgment" that addresses the complaint. (Copy attached and incorporated herein).
Paragraph 2 of the agreement expressly denies any admission of liability by Cottler and the Coliseum Authority and they expressly reserve this right of indemnification. They had the CT Page 8672 right to a trial by jury on this indemnification claim. Audubon Parking Associates v. Barclay Stubbs Inc., 26 Conn. App. 181,184-185 (1991).
Prior to the written stipulation the issues claimed in the Counterclaim were never litigated. The stipulation was a settlement of a doubtful and disputed claims between Richard Deverian and Ruth Deverian, as plaintiffs, and Cottler and the Coliseum Authority as defendants. The issues on the counterclaims remained to be litigated as they were in evidence before this jury. Cottler and the Coliseum Authority cannot be denied their right to a trial on the merits on this indemnification claim. The evidence to support this claim was before the jury. It was not litigated in the "Stipulation For Judgment".
The answers to the five interrogatories and the jury's verdict on the amended counterclaim satisfied the fundamental right to litigate those issues. The Stipulation For Judgment does not satisfy that fundamental right of Cottler and the Coliseum Authority.
The jury answered interrogatory #1 affirmatively that "An independent legal relationship between Richard Deverian and (Cottler and the Coliseum Authority) existed giving rise to a special duty" and that fact was proven by a air preponderance of the evidence.
The test for the court is to decide if this evidence of record, if fully believed, would not permit the jury in reason to find the essential issues in favor of the plaintiff (on the Amended Counterclaim). There can be no question that the correspondence in evidence between the Deverians and Cottler support the conclusion that these parties had a legal relationship and that each had a special duty to the other.
Testimony by both Deverians and Cottler covered their mutuality of participation in this and past exhibitions and their respective obligations including the "set up" of the rug display and dismantling of same. The jury was aware of the history of the construction of the display rack, its design and the "team" reservation of control over same. Both Mr. and Mrs. Deverian testified as did Mr. Cottler concerning their respective duties and obligation.
Richard Deverian next attacks the findings of the jury in interrogatories 2 thru 5.
Our Supreme Court has offered guidelines in the use of interrogatories and their use to elicit the specific grounds for CT Page 8673 the verdict. Finley v. Aetna Life Casualty Co., 202 Conn. 190
(1987). These interrogatories were requested to obtain separate jury findings on the controverted issues. The jury findings these interrogatories stand as final determinations of those factual issues.
There was evidence that Mr. Deverian designed the display rack, had it constructed and built by his local hardware store, retained permission and control of it and forbid any other person including the porters to assemble or dismantle it. He explained and described its construction including the hooks or clamps involved in holding the vertical and horizontal parts or supports.
The jury could reasonably infer that in view of the history of its construction it was apparent to Mr. Deverian that he had failed to use reasonable care to see that the display rack was reasonably safe for the use for which it was intended in view of its purpose to support the heavy and large rug and its value or sales price.
They could reasonably have found that the construction and design of the rack in view of its use and public display at the exhibition was a substantial factor in producing the injuries sustained by Mrs. Deverian. Minicozzi v. Atlantic Refining Co.,143 Conn. 226, 231-232 (1956).
His and her testimony as to construction, design, control lack of negligence of anyone else, and participation or lack of participation by Cottler and the Coliseum Authority provide the support for the answers to the interrogatories.
Richard Deverian's next attack on the jury's verdict centers on closing Argument and statements concerning the Stipulation For Judgment, settlements, compromises, etc., runaway verdicts, good settlements, personal counsel, active-passive negligence. It is his claim that comments by counsel for Cottler and the Coliseum Authority were highly prejudicial to him and deprived him of a fair trial.
This jury had been adequately instructed that the introductory statements of the attorneys, voire dire, opening statements and summation or closing arguments were not evidence but only claims or comments on the evidence, not evidence. The jury was adequately instructed that their finding and verdict had to be based soley on the evidence adduced on the trial.
Prejudice has not been demonstrated. These claims are based on speculation and self serving conclusions.
CT Page 8674 Richard Deverian's next attack on the jury's verdict centers on a claim that allegations, of Cottler and the Coliseum Authority in the amended counterclaim and their special defense of contributory negligence precludes a finding that Richard Deverian was liable for the injuries under the theory of active-passive negligence. It is his position that these allegations were admissions. This theory is not supported by the evidence of record. The pleadings i.e. amended counterclaim and the special defenses were not presented to the jury. The answers to the interrogatories on these claims speak for themselves. The final summations of the attorneys and the requested charge on this issue as delivered adequately supported the jury's answer to the interrogatories (Copy attached and incorporated herein).
Richard Deverian's next attack on the jury's verdict centers on the claim that the Stipulation For Judgment was a voluntary payment and that the right of indemnification "does not arise therefrom." This theory of evasion or avoidance of the jury's verdict raised in post verdict motions overlooks the fact that the Stipulation For Judgment was evidence before the jury as a Judgment. As such the jury's duty was to accept it as a fact and to answer the interrogatories as requested, which they did, and returned the verdict as they did or return a Defendant's Verdict which they did not.
Richard Deverian next attack on the jury's verdict centers on a claim that the counterclaim fails properly to allege facts of agency and issues of negligence by agents.
The issues were presented to the jury based on statements by the attorney for each and all of the parties. The pleadings or any parts thereof were not submitted to the jury.
The conclusion that "the court erred in instructing the jury on the issues of agency" without more, i.e. preservation of an exception to the change leaves the court faced with pure speculation. Likewise, the conclusion that the trial "confused the jury and prejudiced the defendant" without more ignores the fact that the jury precisely answered all 5 interrogatories and returned an appropriate verdict.
Richard Deverian's penultimate attack on the jury's verdict centers on a claim that the jury should have been instructed that the Stipulation For Judgment constituted an admission that was inconsistent with the plaintiffs' contention in the amended counterclaim.
Richard Deverian next and final attack centers on a claim that raises the issue of relitigations again. CT Page 8675
Both of these claims of inconsistencies and relitigation issues are general in nature and do not fairly apprise opposing counsel or the court of specific issues.
The motion for Judgment Notwithstanding Verdict (157) is denied.
The motion For New Trial (158) is denied.
The motion to Set Aside the Verdict (159) is denied.
John N. Reynolds State Trial Referee