[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. "Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." (Citations omitted.) Audubon Parking Assoc. Ltd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 811, 626 A.2d 729 (1993). Whether the parties intended to create a settlement agreement is a question of fact. See Air-Care N. O. Nelson Co. v. Patchet, 5 Conn. App. 203, 206, 497 A.2d 771 (1985). The letter dated March 28, 1990 from the plaintiff's attorney to Vaccaro states, "[w]ith reference to the above-captioned matter, our client, Audrey LaChapelle, has changed her mind and does not want to settle her claim for $10,000." In addition, the court file contains a letter dated March 28, 1990, from the plaintiff's attorney, Richard F. Atkins, to Judge Francis J. O'Brien that states "[t]he purpose of this letter is to advise you that our client, Audrey LaChapelle, has changed her mind and has decided not to settle her claim in the above matter for the $10,000 offered by the carrier. If this case has been placed on the Settled But Not Withdrawn List, I would appreciate your returning the file to the Jury Trial List."
These letters indicate that a settlement agreement was reached on March 20, 1990. However, the parties subsequently CT Page 3927 filed numerous pleadings, including: an amended complaint filed by the plaintiff on August 23, 1990; an answer and special defenses filed by Carabetta Enterprises and Joseph Carabetta on September 17, 1990; objections to the plaintiff's interrogatories and requests for production filed by Carabetta Enterprises and Joseph Carabetta on October 11, 1990; an answer and special defenses filed by the plaintiff on November 27, 1990; objections to the plaintiff's interrogatories and requests for production filed by Southford on December 3, 1990; a motion for extension of time to respond to discovery filed by Carabetta Enterprises and Joseph Carabetta on November 29, 1991; and a motion for stay pending bankruptcy proceedings filed by Carabetta Enterprises and Joseph Carabetta on June 16, 1992.
"[C]ontract modification is a question of fact; Three S. Development Co. v. Santore, 193 Conn. 174, 177-78, 474 A.2d 795
(1984); and may be effectuated expressly by mutual promises; Id. 178; or may be implied in fact from the parties' conduct. Cf. Rahmati v. Mehri, 188 Conn. 583, 587, 452 A.2d 638 (1982) (manifestation of mutual assent may be found by the conduct of the parties)." McKenna v. Woods, 21 Conn. App. 528, 532,574 A.2d 836 (1990).
The defendants' continuation to file pleadings in this case after the plaintiff "changed her mind" about the settlement agreement indicates that the parties mutually assented to a rescission of the settlement agreement.
/s/ Sylvester SYLVESTER, J. CT Page 3928