[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this case alleged that certain sums of money are due from the defendants, Margaret and Joel Morabito, by virtue of several transactions.
The plaintiff claims to have allowed the defendants to use the plaintiff's credit cards with the understanding that payments would be made by the defendant.
The plaintiff presented evidence that the plaintiff's Discover card was given to Margaret Morabito in July, 1993, and the American Express credit card was given to Margaret Morabito in October, 1993.
It is further claimed that the plaintiff permitted the defendant to purchase certain items from a Figi catalog using the plaintiff's account with the understanding that the defendant would make payment.
The defendant Margaret Morabito admits to the receipt of the cards and Figi catalog; the use of the cards and Figi account; and the agreement to make payment for the items she purchased. She made purchases in the amount of $840.98 on the CT Page 3737 American Express, $129.93 on the Figi Account and $3,770.00 on the Discover card.
The court is unable to conclude that Joel Morabito is responsible for such indebtedness.
The court ruled from the bench in favor of the defendant regarding the claim for reimbursement for $80.00 for dinner tickets.
The court ruled from the bench in favor of the defendant regarding money due to the plaintiff for the purchase of a cellular phone.
On each of those claims of the plaintiff, as set out in paragraphs 4 and 6 of the plaintiff's complaint, the plaintiff failed to carry the burden of proof required.
The plaintiff also claims 57.69 for long distance phone charges. The court finds defendant Joel Morabito liable for said charges.
The court does not award the plaintiff attorney's fees.
The defendants filed an answer to the plaintiff's complaint denying the allegation.
At trial the defendants offered evidence of a subsequent agreement. All of the parties were living together. The plaintiff became unemployed. The defendants claimed to have assumed certain household financial responsibilities during this period in consideration of the plaintiff assuming responsibility for the payment of the credit card indebtedness and the Figi account.
The plaintiff objected to the offering of the evidence of the subsequent transaction on the ground that the defendant did not plead or allege such as a special defense.
The Connecticut Practice Book § 164 requires that facts which are consistent with the plaintiff's claim but show notwithstanding that the plaintiff has no cause of action must be specially alleged. Thus accord and satisfaction must be specially pleaded. CT Page 3738
This court heard testimony and took evidence regarding the claim of the defendant. Unfortunately, the court is unable to consider the same in resolving all of the differences by and between the parties.
This court concurs that in order for the defendant to take advantage of such a claim, the claim should have been alleged as an accord and satisfaction.
 "An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed." W.H. McCune, Inc. v. Revzon, 151 Conn. 107, 109, 193 A.2d 601 (1963). The defendant does not claim that her debt has been paid in full, but rather, has alleged an "accord executory." Id. The defense of accord requires that the defendant allege and prove "`a new agreement with a new consideration.'"
In order to take advantage of such a claim at this stage, not having properly raised it by appropriate pleading in this case, would be to for the defendants to institute a separate action alleging that as a separate cause of action.
Accordingly, this court has not considered the defendants' claim in this case.
The court finds for the plaintiff as against the defendant Margaret Morabito in the amount of $3,770.00 plus $840.98 plus $129.93 for a total sum of $4,740.91.
The court finds for the plaintiff as against the defendant Joel Morabito in the amount of $57.69.
Walsh, John F.