[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Some of the facts relevant to this case are not in dispute. In early 1989, the plaintiff (sometimes referred to as "IBC") advanced to the defendant (sometimes referred to as "Goodwill") a loan of $30,000 for which the defendant signed a $30,000 promissory note with interest dated February 15, 1989. This note contained the following clause:
 Principal and all accrued interest hereunder shall be due and payable in full upon the earlier of (i) the sale of not less than 800,000 shares of the Payee's stock by Independence Broadcasting Company (the proceeds of which sale, less closing costs, are paid to the undersigned) or by the undersigned or (ii) May 31, 1989. [Emphasis added.]
The sale of stock did not occur, therefore, the note became due on May 31, 1989. The note was never repaid and was replaced by a new note for $41,000, dated January 1, 1993. The amount the defendant owed on the original note was $30,000 in principal and accrued interest of $11,000.
"As between the original parties . . . a promissory note is nothing more than a written contract for the payment of money."Appliances, Inc. v. Yost, 181 Conn. 207, 210; Guaranty Bank CT Page 12104Trust Co. v. Dowling, 4 Conn. App. 376, 385, cert. denied,197 Conn. 808 (1985), where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. Leonard Concrete Pipe v. C.W. Blakeslee Sons, Inc.,178 Conn. 594, 599 (1979). The defendant's claim that the new $41,000 note is unenforceable because it had no consideration is misplaced. This new note extended the time for payment and provided adequate and valuable consideration, and the court so finds.
The defendant's second claim is that the plaintiff should be equitably estopped from enforcing the $41,000 note because he was told by a Patrick Cleary, a member of the plaintiff's Board of Director, that the plaintiff would forgive this new $41,000 note if he signed it. To sustain this claim, the defendant must prove the plaintiff had him believe certain facts exist, and to act on that belief, and he must change his position in reliance on these facts, thereby incurring some injury or loss. O'Sullivan v.Bergenty, 214 Conn. 641, 648 (1990); Boyce v. Allstate Insurance,236 Conn. 375, 383-384 (1996). In this case, the defendant suffered no loss because the plaintiff substituted one note with another for the same debt that was previously owed. The defendant testified that Mr. Cleary told him the plaintiff would forgive the loan as part of his annual compensation. The Board of Directors, however, informed the defendant they would not forgive the loan and he knew or should have known that Mr. Cleary's representations did not bind the Board. When the Board terminated his employment, it had no legal obligation to forgive the $41,000 as part of his severance agreement.
The defendant's third claim is that any obligation he had to repay this $41,000 note was discharged on the theory of accord and satisfaction. Goodwill testified that Mr. Cleary promised him that IBC would forgive any debt owed if he would cooperate by signing the $41,000 note. There was no evidence introduced that the IBC board voted to forgive this debt.
When there is a good faith dispute about the existence of a debt or the amount that is owed, the common law authorizes the debtor and creditor to negotiate a contract accord to settle the outstanding claim. County Fire Door Corporation v. C.F. WoodingCo., 202 Conn. 277, 281. An accord is a contract between a creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed. W.H. McCune, Inc. v. Revzon, CT Page 12105151 Conn. 107, 109 (1963). Without a mutual assent or a "meeting of the minds," there cannot be a valid accord. The accord must be a new agreement based on new consideration, Crucible Steel Co.v. Premier Mfg. Co., 94 Conn. 652, 656 (1920); Munroe v. EmhartCorporation, 46 Conn. App. 37, 42-43 (1997). In this case, there was no meeting of the minds between these parties.
The defendant's final claim is that the plaintiff cannot maintain this action because it was not authorized to transact business in this state in January, 1993, when the note was signed, nor in June, 1996, when this action was filed. Section33-921(a) of the Connecticut General Statutes provides that "[a] foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." The plaintiff is a Delaware corporation and was authorized to transact business in this state from July 27, 1988 until October 25, 1991, when its certificate of authority was revoked by the Secretary of State. The plaintiff concluded that it was doing business without a certificate of authority in January 1, 1993, the date of this note in question. The court finds that the plaintiff had been issued a certificate of good standing by the Connecticut Secretary of State on September 22, 1998, three days before this trial commenced and therefore renders the defendant's defense moot. The court finds any defect in the plaintiff's capacity to maintain this action which may have existed prior to obtaining the certificate was cured when the certificate of good standing was issued on September 22, 1998. Kraft Foodservice,Inc., v. Fine Host Corporation, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 137174 (April 18, 1995, D'Andrea, J.) (14 CONN. L. RPTR. 44).
The plaintiff has met the burden of proof by a clear preponderance of the evidence that the debt of $41,000 evidenced by a promissary note for that amount signed by the defendant on January 1, 1993, is due and owing, together with interest, as set forth in the note through September 25, 1998, for a debt due of $64,215.64. Additional interest accrues at $13.65 per day.
The note also provides for the plaintiff to recover the cost of collection, including a reasonable attorney's fee. The court has no choice but to allow a reasonable attorney's fee as part of the debt. Guaranty Bank Trust Co. v. Dowling,4 Conn. App. 376, 386 (1985). The court has reviewed the affidavit of attorney's fees submitted by the plaintiff's attorney stating CT Page 12106 96.5 total hours were spent in this proceeding and at the rate of $150 per hour, the court finds the legal fees of $14,400 is reasonable.
Judgment is entered in favor of the plaintiff for $64,215.64, plus costs and accrued interest and attorney's fees of $14,400.
Petroni, J.