[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff brings this foreclosure action against the defendant Janice M. Tirinzonie and the defendant Debbie M. Bileca seeking foreclosure of a mortgage given to them by the plaintiff's predecessor Connecticut National Mortgage Company. It is alleged in the complaint that the mortgage note and the mortgage were executed on June 19, 1987. The complaint seeks foreclosure of the mortgage and a deficiency judgment.
The defendant Janice Tirinzonie, in her answer alleges as follows: "8. On or about February 16, 1990, the Plaintiff's agent, servant and employee, John Powers induced the Defendant Janice M. Tirinzonie, to enter into a financing agreement subsequent to the subject mortgage extensively and under the pretext of aiding the Defendant, Janice M. Tirinzonie, to release herself from the mortgage dated June 19, 1987." The defendant Tirinzonie alleges in six special defenses that this conduct constitutes release, equitable estoppel, laches, inequitable conduct, breach of the duty of good faith and impediment to the equitable remedy of foreclosure. The defendant further counterclaims what appears to be breach of the alleged subsequent agreement by the plaintiff, unlawful practice in violation of General Statutes § 51-88, and violation of CUTPA, General Statutes § 42-110a et seq.
The plaintiff moves to strike the special defenses and the counterclaim on the grounds that the special defenses and the CT Page 13374 counterclaim fail to attack the making, validity and enforcement of the note and mortgage, and that the defendant has not alleged that the alleged agreement was in writing, and is therefore violation of the Statute of Frauds.
 I
Statute of Frauds
Although the Statute of Frauds need not be pleaded as a special defense so to avoid a special defense or a counterclaim, yet where the pleadings do not set forth on their face such facts as would demonstrate the legal insufficiency of the special defense or counterclaim a motion to strike is not appropriate to determine the efficiency of the answer or special defense. See Practice Book § 10-39. Such an issue is fact bound, depending upon the terms of the contract, and may be placed in issue by a simple denial of the allegations of the answer which answer alleges the subsequent agreement. Practice Book § 10-50. Thereafter the issue becomes one of fact so as to determine whether the alleged agreement is or is not within the Statute of Frauds, and is thereafter subject to further appropriate pleadings to determine the legal implications of the applicable facts. The motion to strike cannot be granted on the basis alleged, the Statute of Frauds.
 II
The making validity or enforcement of the note or mortgage.
The defendant Tirinzonie does not deny the making or validity of the original note. The defendant does however deny that the note is due and payable as concerns herself, by leaving the plaintiff to its proof.
The defendant appears to allege "accord and satisfaction" as concerns the promissory note. Although the pleading is woefully lacking in detail, yet it does allege in broad terms the entering into a subsequent agreement on her part in consideration of the plaintiff's agreement to release her from "the mortgage dated June 19, 1987." If this be proven then it may be demonstrated that her obligations under the note have in fact been settled, and hence that as against her the note is not enforceable. Stated otherwise, an accord and satisfaction may be a complete defense to an action against her to collect the note. "Satisfaction of a CT Page 13375 claim may be found either in the promise to settle or the full performance of that promise." Air-Care N.O. Nelson Co. v.Patchet, 5 Conn. App. 203, 205 (1985). The full effect of an agreement of this nature cannot be determined on a motion to strike, but rather even if pleaded in detail, may require an evidentiary hearing to determine the specific details of the alleged agreement and the intent of the parties as to the effect of such an agreement. See Air-Care N.O. Nelson v. Patchet, supra, p. 206. All of the special defenses and the counterclaims have as their basis the alleged agreement. Their legal sufficiency cannot be determined without a further elaboration of the terms of the agreement.
The trial court must take as true the facts alleged in the (party's pleading) and must construe the (pleading) in the manner most favorable to sustaining its legal sufficiency. Sassone v. Lepore, 226 Conn. 773, 780 (1993).
The plaintiff is entitled to a far more comprehensive statement of the factual details concerning the alleged agreement between the parties. The court grants to the plaintiff permission to file a request to revise out of the customary sequence for pleadings. See Practice Book §§ 10-35(1); 10-6 (6)(7); 10-7.
For the reasons set forth herein, the motion to strike is denied.
L.P. Sullivan, J.